JOHN P. CRAIGHEAD, Respondent, *v.* THE BROOKLYN CITY
RAILROAD COMPANY, Appellant.

In an action to recover damages for injuries received by plaintiff while a
passenger on one of defendant's horse-cars, it appeared that plaintiff while
passing along the step on the side of the car, which was an open one,
was struck by one of defendant's closed cars coming from an opposite
direction. The undisputed testimony showed that the smallest space
between defendant's tracks at or near the place of the accident was
such that the space between the outside step of an open car and the body
of a closed one was seventeen inches at least, and at the place where
and about the hour when the accident occured cars were passing each
other every half minute; that people frequently stood at this place between
defendant's tracks when cars were passing each other; that open cars
had been in use on the road for twenty years, and at that place
thousands of passengers had stood on the steps of open cars while they
passed closed cars going in the opposite direction without accident
except the one to plaintiff. *Held,* that defendant was not guilty of
negligence in failing to have more space between its tracks; that the
accident to plaintiff was not to be apprehended and a failure to take
such measures as would make its happening under any circumstances a
physical impossibility was not an omission of duty on its part.

Also *held,* that the failure of the conductor to prevent plaintiff from
standing on the step or to warn him of any possible danger which
might arise therefrom was not negligence.

(Argued October 15, 1890; decided October 28, 1890.)

APPEAL from judgment of the General Term of the City
Court of Brooklyn, entered upon an order made February 28,
1889, which affirmed a judgment in favor of plaintiff entered
upon a verdict and affirmed an order denying a motion for a
new trial.

This action was brought to recover damages for injuries
received by plaintiff while a passenger on one of defendant's
horse-cars alleged to have been caused by defendant's
negligence.

The facts, so far as material, are set forth in the opinion.

*Samuel B. Morris* for appellant. The plaintiff failed to
establish any negligence on the part of the defendant or its

servants, causing the injury complained of. (*Laflin* v. *B. &
S. R. Co.*, 106 N. Y. 136; *Burke* v. *Whitherbee*, 98 id. 562;
*Loftus* v. *Ferry Co.*, 84 id. 455; *Dougan* v. *C. F. Co.*,
56 id. 1; *Crochevan* v. *U. S.*, etc., *R. Co.*, 56 id. 656;
*Davenport* v. *B. C. R. R. Co.*, 100 id. 632; *Stringham* v.
*Hilton*, 111 id. 188.) The plaintiff was required under the
law to do more than exercise care commensurate with the
danger that he was aware of, or that was brought to his knowl-
edge. Negligence may consist of a failure on the part of
a person to become aware of a danger, and a failure to exer-
cise such care as would bring the knowledge of danger to
him. (*Adolph* v. *C. P.*, etc., *R. Co.*, 76 N. Y. 537; *Weber* v·
*N. Y. C. R. R. Co.*, 58 id. 455; *Harty* v. *C. R. Co.*, 24 id.
430; *Becht* v. *Corbin*, 92 id. 658; *Davenport* v. *B. C. R.
Co.*, 100 id. 632.)

*William J. Lynch* for respondent. The appeal to this court
is limited to a review of the exceptions appearing upon the
record. (*Hazman* v. *H. L. Co.*, 50 N. Y. 53; *Maher* v. *C.
P. N. & E. R. R. R. Co.*, 67 id. 52, 55.) There is abundant
evidence to sustain the verdict. Defendant was guilty of neg-
ligence. (*Dobiecke* v. *Sharp*, 88 N. Y. 203; *Williams* v. *D.,
L. & W. R. R. Co.*, 39 Hun, 430; S. & R. on Neg. [3d ed.]
§ 477; *Slater* v. *U. & B. R. R. Co.*, 88 N. Y. 42; *Archer*
v. *R. R. Co.*, 106 id. 589; *Boyce* v. *M. R. R. Co.*, 118 id.
314.) It would have been error for the court to have granted
a nonsuit. (*Stackus* v. *R. R. Co.*, 79 N. Y. 464; *Wendell*
v. *R. R. Co.*, 91 id. 420; *Thurber* v. *H. B. M. & T. R.
R. Co.*, 60 id. 326; *Sutton* v. *R. R. Co.*, 66 id. 279; *Leavitt*
v. *C. & N. W. R. Co.*, 64 Wis. 299; *Spaulding* v. *Jarvis*,
32 Hun, 621; *Hoye* v. *C. & N. W. R. Co.*, 62 Wis. 666–
672; *Elwood* v. *W. U. T. Co.*, 45 N. Y. 549; *Leiser* v.
*Wunder*, 9 Daly, 73; *Koehler* v. *Adler*, 78 N. Y. 291;
*Wohlfart* v. *Becker*, 12 Abb. [N. C.] 483, 484; 92 N. Y.
497, 498; *Kavanagh* v. *Wilson*, 70 id. 179, 180.) There is
no force in defendant's contention that plaintiff was guilty
of contributory negligence, and it would have been error to

have taken the case from the jury. (*Sherry* v. *N. Y. C. & H. R. R. R. Co.*, 104 N. Y. 652; *McCullum* v. *L. I. R. R. Co.*, 45 Hun, 569; *Watson* v. *B. & S. A. R. R. Co.*, 26 Wkly. Dig. 337; *T. C. R. Co.* v. *Higgs*, 37 Alb. L. J. 530; *Hayman* v. *P. R. Co.*, Id. 207, 299; *Black* v. *B. C. R. Co.*, 108 N. Y. 640; *C. R. Co.* v. *Lee*, 38 Alb. L. J. 207; *Merwin* v. *M. R. Co.*, 48 Hun, 609; *Dickinson* v. *P. H. & N. W. R. Co.*, 53 Mich. 43; *Bellman* v. *N. Y. C. R. R. Co.*, 42 Hun, 135; *Hulbert* v. *N. Y. C. & H. R. R. R. Co.*, 40 N. Y. 145; *Dixon* v. *B. C. & N. R. R. Co.*, 160 id. 177; *Nolan* v. *B. C. R. R. Co.*, 87 id. 67; *Donnegan* v. *Erhardt*, 119 id. 473.) The defendant, being a common carrier of passengers for hire, was under a legal obligation to use the utmost vigilance to protect its passengers from injury. (*Maverick* v. *E. A. R. R. Co.*, 36 N. Y. 378; *Bowen* v. *N. Y. C. & H. R. R. R. Co.*, 18 id. 534; *Stewart* v. *B. C. T. R. R. Co.*, 90 id. 590; *Curtis* v. *R. & S. R. R. Co.*, 18 id. 534; *Woolsey* v. *G. S. R. R. Co.*, 83 id. 121.) The defendant cannot excuse its own negligence by imputing to plaintiff want of care upon his part. (*Ernst* v. *H. R. R. Co.*, 35 N. Y. 1; *Hardy* v. *City of Brooklyn*, 90 id. 435; 2 Thomp. on Neg. 1173, § 19; *Dickinson* v. *P. H. & W. W. R. Co.*, 53 Mich. 43.) Defendant's requests to charge were in the nature of abstract propositions, which it would have been improper for the court to have charged. (*Halsey* v. *R., W. & O. R. R. Co.*, 12 N. Y. S. R. 319; *Sheldon* v. *W. U. T. Co.*, 51 Hun, 393; *Conley* v. *Meeker*, 85 N. Y. 618; *Armstrong* v. *N. Y. C. & H. R. R. R. Co.*, 53 id. 623.)

PECKHAM, J. Upon the undisputed evidence, we are of the opinion that the plaintiff failed to make out a case of negligence against the defendant.

The evidence of the sister of the plaintiff is as favorable as that of any witness called on his part. She says when the plaintiff finished speaking with the conductor of the open car on which they all were, he stepped down from the rear platform to the outside step of the car, which runs its entire length,

and she saw the other car coming along on the down track, and it struck the plaintiff while he was still on the step, turned him around and knocked him off the car. The witness was looking directly at the plaintiff at this time, and he was looking at her and was moving along the step from the rear toward the front part of the car where she was sitting facing the rear. She saw the car strike his head and she stated positively that he did not slip off the side of the car and fall against the other car. This was when the plaintiff was standing either at the first or second stanchion from the rear of the car.

It appeared that the smallest distance between the tracks at or near this spot was such that there was a space between the outside step of the open car and the body of the closed car of at least seventeen inches. The place where the accident happened was a crowded street, and horse-cars were continually there passing each other.

The company had some open cars that were seven inches wider than the one upon which the plaintiff was riding. Open cars had been in use daily during the summer months for twenty years. All the closed cars were of an uniform width. Thousands of persons during this long period had been seen riding at or near this spot on the outside steps of the open cars at times when they met cars coming from the opposite direction and the cars had passed each other, and no one had ever been hurt nor had any accident ever before happened there or at any other portion of the road from any such cause. The space between the tracks was about uniform along the length of the defendant's road, sometimes a few inches more or less.

At the place where this accident occurred, and about the same time in each day, cars were passing each other certainly every half minute.

Policemen and employes of the road frequently stood at this place or near it between the rails of the up and down tracks when cars passed each other and no one had ever been hurt. This was an every-day occurrence. The inspector of the defendant, who had been in its employment for thirty-four

years, said that open cars had been in use on the road for twenty years and he had seen at this place, thousands of times, people standing on the step of an open car and pass a closed car at the same time on the other track, and he had never heard of an accident before this one.

Upon these facts, we cannot see how the defendant can be convicted of negligence, because it did not have more space between its tracks. For twenty years such space had been sufficient, although precisely the same opportunities for accidents had arisen many times daily during that period, and yet not one had occurred. Clearly the accident was one not to be apprehended, and a failure on the part of the defendant to take such measures as would make its happening under any circumstances a physical impossibility, cannot be said to be an omission of duty. The accident was not to be apprehended, because thousands of passengers on the steps of an open car had uniformly, and for twenty years, passed in safety the car going in an opposite direction. The body of the plaintiff must, with reference to the car, have been at a most extraordinary and unusual angle at the time of the accident in order that it should have occurred at all. The defendant was not bound to so construct its tracks that it would be impossible for a passenger to be struck by another car while he was standing on the outside of an open one.

There was no negligence on the part of the conductor in failing to prevent the plaintiff from going on the step or in failing to warn him of any possible danger which might arise therefrom.

We think the judgments of the court below were erroneous and they should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgments reversed.