LITTLE ROCK TRACTION & ELECTRIC COMPANY *v.* KIMBRO.

Opinion delivered April 29, 1905.

1. STREET RAILWAY—LIABILITY FOR MISLEADING PASSENGER.—A street railway company should be careful not to mislead its passengers into the belief that the halting of a car is meant as an invitation to alight, if it is not so intended; and if the conduct of its employees in charge of the car is such as may reasonably produce that impression, and the passenger so understands it, and, without being negligent, is injured while attempting to alight, the company will be liable. (Page 214.)

2. SAME—DUTY TO PASSENGERS.—Street railway companies are not insurers of the safety of their passengers, and are not bound absolutely to protect them against accidents and injuries caused by their own acts or omissions which the exercise of reasonable foresight would not anticipate. (Page 215.)

3. SAME.—Whether the conductor in charge of a street car should have attempted to prevent a passenger from alighting from the car while in motion, or to stop the car, depends upon whether or not he might, by the exercise of reasonable foresight, have anticipated that the passenger would be injured by alighting while the car was in motion. (Page 216.)

4. SAME—MISLEADING INSTRUCTION.—In an action against a street railway company to recover damages received by a passenger in alighting from a car, to instruct that if defendant's conductor knew of plaintiff's negligent conduct, and could, by the exercise of reasonable care, have

prevented the injury caused thereby, and did not do so, such contributory negligence would not bar recovery was misleading, as the jury might have found for plaintiff though he was guilty of contributory negligence in alighting while the car was moving, and though the conductor had no reason to believe that plaintiff would be injured. (Page 217.)

5.  DECISION—CONSTRUCTION.—The language of an opinion should be construed with reference to the facts proved.   (Page 218.)

Appeal from Pulaski Circuit Court, Second Division.

EDWARD W. WINFIELD, Judge.

Reversed.

*Rose, Hemingway & Rose,* and *Cantrell & Loughborough,* for appellant.

The evidence does not sustain the verdict.   40 Ark. 168; 11 Ark. 630; 46 Ark. 141; 34 Ark. 632; 70 Ark. 386.   Instruction No. 1, given by the court, was error, since it took from the jury the defense of contributory negligence.   65 Ark. 98; 65 Ark. 64; 59 Ark. 98; 58 Ark. 473; 57 Ark. 207, 393; 70 Ark. 79.   The law as to the effect of contributory negligence was improperly declared.   I Thompson, Neg. § 241; 63 N. E. 836; 67 N. E. 953; 31 Pac. 834; Me. 552; 31 Pac. 836; 51 N. W. 785; 101 Mass. 466; 80 N. Y. Supp. 231; 75 Mo. 475.

*A. W. Files* and *Atkinson & Patterson,* for appellee.

The law of contributory negligence was properly declared. 69 Ark. 289.   Appellants owed the highest degree of care to passengers.   90 Ala. 60; 91 Ala. 421; 40 Ark. 298; 51 Ark. 459. The instructions of the court were proper.   42 Ark. 321; 48 Ark. 106; 105 Ill. 63; 118 Mo. 199; 111 N. C. 597; 147 U. S. 577.   It is the duty  of the conductor  to see that no passenger is in the act of getting on or off the car in a position made dangerous by movement of the car.   92 Ala. 290; 57 Kan. 361; 64 S. W. 640; 75 Mo. 185, 475; 108 N. C. 74; 73 Fed. 128; 57 Ala. 431; 144 Ill. 551; 97 Ill. 560; 59 N. E. 491; 60 Kan. 590; 90 Mich. 159; 73 Miss. 145.   Bringing a car to a standstill is an invitation to passengers to get off.   10 L. R. A. 271;

27 Wis. 158; 3 Thompson, Neg. § § 3519, 3520, 2883; 22 Am.
& Eng. R. Cas. 914, 922; 59 Ark. 185.

BATTLE, J. Kimbro brought this action against the Little
Rock Traction & Electric Company to recover damages for a
personal injury alleged to have been caused by the negligence of
the defendant. The defendant is a corporation, organized under
the laws of this State, and is engaged in the operation of a street
railway in the city of Little Rock. On the 21st day of Novem-
ber, 1898, plaintiff was a passenger on one of its cars, and in
attempting to alight on Markham Street, about half way between
Center and Spring, fell and was severely injured. This was not
a regular stopping place for the cars. One witness testified that
when plaintiff attempted to alight, the car had stopped; another
that it had about stopped; another that it was moving very
slowly. One witness testified that it was moving about six miles
an hour, and that plaintiff's action indicated that he was about to
alight, and in a manner which would result in breaking his neck.
He (plaintiff) testified that, as he was in the act of alighting, the
car was suddenly moved forward, throwing him down, and greatly
and seriously injuring him.

The court, over the objections of the defendant, gave the
following, among other, instructions to the jury:

"4. If the jury find in this case that the plaintiff by his
negligence contributed materially to cause the injury, so that,
but for his own concurring fault, the injury would not have
happened to him, but further find from the evidence that the
conductor on said car knew of plaintiff's negligent conduct,
and by the exercise of proper care could have avoided the con-
sequences of such negligence, and failed to do so, and that said
conductor's failure was the immediate cause of the injury com-
plained of, then defendant cannot rely on such contributory
negligence as a defense in this action."

"11. If the jury believe that plaintiff's injury was caused
by his imprudently attempting to alight from a moving car,
or from his effort to alight in an unskillful or unsafe manner,
the jury will find for the defendant, unless the jury further
find from a fair preponderance of the evidence that the con-
ductor knew of plaintiff's negligence in so attempting to alight

in time to have prevented the injury, and could by the use of ordinary care have prevented the injury, and failed to do so."

The plaintiff recovered a judgment for $2,100, and the defendant appealed.

Carriers of passengers by street railways are required to exercise "a very high degree of care and skill to secure the safety of passengers and to prevent accidents and injuries." Mr. Booth, after stating in his treatise on "Street Railway Law" how this care and skill are defined by the courts of various States, says: "If, notwithstanding the difference in the terms employed, we are to assume that the courts have intended to hold the defendant companies to the same degree of care, diligence and prudence, the general rule may be stated as follows: A common carrier of passengers by street car is required to exercise the highest degree of skill and care which may reasonably be expected of intelligent and prudent persons employed in that business, in view of the instrumentalities employed, and the dangers naturally to be apprehended." Section 328.

"When the cars of street railway companies stop for passengers to alight, it is the duty of their servants to stop long enough for the passengers to alight, and to see that the car does not start again while any one is attempting to alight or exposed to danger. Stopping a reasonable time is not sufficient, but it is the duty of the conductor or those in charge to see and know that no passenger is in the act of alighting or in a dangerous position before putting the car in motion again." *Leavenworth Electric Railroad Co.* v. *Cusick,* 60 Kan. 590; 24 Am. & Eng. R. Cases, 922, and cases cited; Nellis on Street Railroad Accident Law, pp. 96, 109; Booth on Law of Street Railways, § 352.

Hutchinson on Carriers, says: Railway carriers of passengers "must be extremely careful not to mislead their passengers into the belief that the halting of a train at a station is meant as an invitation to them to alight when it is not so intended; and that if the conduct of the servants engaged in its management is such as may reasonably produce that impression, and the passenger so understands it, and in the attempt to leave the coach at a place where no facilities are provided for his doing so, and whilst in the exercise of due diligence in doing

so, he is injured, the company will be liable." Hutchinson on Carriers (2d Ed.), § 615. This rule is equally applicable to street railway companies; the reason for its application in both cases being the same. Appellee insists that he was induced by the conductor of appellant to alight when he did. If so, this rule is applicable to his case.

But the carriers of passengers by street railways are not insurers of the safety of their passengers, and are not bound absolutely to carry them safely or without injury; nor to provide such measures to protect them against accidents and injuries caused by their own acts or omissions, which the exercise of reasonable foresight would not anticipate. *Hansen* v. *North Jersey Street Ry. Co.,* 64 N. J. L. 686, 696; *Craighead* v. *Brooklyn City Railroad Co.,* 123 N. Y. 391; *Flint* v. *Norwich & New York Transportation Co.,* 34 Conn. 554; *Baldwin* v. *Fair Haven & Westville Railroad Co.,* 68 Conn. 567, 572; Nellis, Street Railroad Accident Law, p. 50.

The case of *Craighead* v. *Brooklyn City Railroad Co., supra,* was an action to recover damages for injuries received by plaintiff while a passenger on one of defendant's horse cars. It appeared that plaintiff, while passing along the step on the side of the car, which was an open one, was struck by one of defendant's closed cars coming from an opposite direction. The smallest space between defendant's tracks at or near the place of the accident was such that the space between the outside step of an open car and the body of a closed one was seventeen inches, at least. Mr. Justice Peckham, in delivering the opinion of the court, said: "Upon these facts, we cannot see how the defendant can be convicted of negligence, because it did not have more space between its tracks. For twenty years such space had been sufficient, although precisely the same opportunities for accidents had arisen many times daily during that period, and yet not one had occurred. Clearly, the accident was not one to be apprehended, and a failure on the part of the defendant to take such measures as would make its happening under any circumstances a physical impossibility cannot be said to be an omission of duty. The accident was not to be apprehended, because thousands of passengers on the steps of an open car

had uniformly, and for twenty years, passed in safety the car going in an opposite direction. * * * There was no negligence on the part of the conductor in failing to prevent the plaintiff from going on the steps or in failing to warn him of any possible danger which might arise therefrom."

The negligent conduct referred to in instruction numbered 4. is not defined. Referring to the evidence, we find that it was the attempt of the appellee to alight while the car was in motion. It is so expressed in instruction numbered 11. Whether the conductor should have attempted to prevent him from alighting, or to stop the car, depended upon circumstances. He should have done so if by the exercise of reasonable foresight he might have anticipated that he would have been injured by alighting when the car was in motion; otherwise not. There would have been no necessity for protection if it had been apparent that he needed none. These instructions exclude this matter from the consideration of the jury, and in that respect are fatally defective.

. Reversed and remanded for new trial.

HILL, C. J., did not participate.

### ON REHEARING.

### Opinion delivered May 27, 1905.

*A. W. Files* and *Atkinson & Patterson,* for appellee, on motion for rehearing.

The gist of the action is negligence of the conductor in starting the car while the plaintiff was in the act of alighting. 111 N. C. 597; 91 Ala. 421. The contributory negligence of plaintiff is no defense where the direct cause of the injury was the omission of the defendant, after becoming aware of the injured party's negligence, to use a proper degree of care to avoid the consequences thereof. 36 Ark. 377.

BATTLE, J. Appellee, in effect, says that his right to recover in this action depends upon the evidence adduced in the trial as to appellant's employees stopping the car and then suddenly moving it forward while he was alighting therefrom. If they

did, he says, he was entitled to recover; otherwise he was not. If this be true, the fourth instruction, given at his request, should not have been given, and all the instructions to the jury should have been confined to that issue.

The fourth instruction asked by the appellee and given by the court assumes that the jury might find that he was guilty of contributory negligence. It does not indicate what is meant by negligence. What is meant? Obviously, alighting from a car while it was in motion. Witnesses testified that he did so, and we cannot see what negligent conduct is meant, unless it be this act. If this be true, what was the duty of the conductor? If the car was moving so slowly that he, by the exercise of reasonable foresight, could not anticipate that appellee would be injured by alighting, it was not his (conductor's) duty to make an effort to avoid such consequences; and the appellant was not liable for his injuries. As to the movement of the car at this time, one witness testified that it had about stopped, and another that it was moving very slowly. This evidence tended to prove that the conductor had no reason to apprehend that he would be injured by alighting at that time.

The fourth instruction, in effect, told the jury that, if the conductor knew of appellee's negligent conduct, and could, by the exercise of proper care, have prevented the injury caused thereby, and did not do so, such contributory negligence of appellee would be no bar to his recovery of damages in this action, notwithstanding they might find from the evidence, as they could have done, that the conductor did not have and could not have had any reason to believe, apprehend or anticipate that an injury would probably be caused by the negligence. In this respect the instruction is defective, and was calculated to mislead the jury.

Appellee cites *Little Rock & Fort Smith Railway Company v. Pankhurst,* 36 Ark. 371, 377; *Little Rock & Fort Smith Railway Company v. Cavenesse,* 48 Ark. 106; *St. Louis, Iron Mountain & Southern Railway Company v. Evans,* 74 Ark. 407—in which the court said that it was the duty of the railroad company, "after becoming aware of the injured party's negligence, to use a proper degree of care to avoid the consequences of such negli-

gence"—to support the fourth instruction given at his request. They were unlike this case. In those cases the undisputed facts showed that the negligence of the injured party exposed him to an injury which was inevitable, unless the railroad company used the proper degree of care to avoid it. The language of the court in them was used in reference to these facts, and should be construed and understood by applying it to that state of facts. *Branch* v. *Mitchell,* 24 Ark. 439.

The doctrine as to the duty of railroad companies to avoid the consequences of contributory negligence and cases upon that subject are discussed at length in *St. Louis & San Francisco Railway Company* v. *Townsend,* 69 Ark. 380, and shown to be in accord with what we have said in this case.

Appellee's counsel tell us that *Craighead* v. *Brooklyn City Railroad Co.,* 123 N. Y. 391, is not applicable to this case, because the facts are different. Cases are not cited to decide questions of fact, but questions of law. The principle of law determined in that case, as we find it, is that a street railway company is not bound to use precaution to protect its passengers against accident and injuries caused by their own acts or omissions, which the exercise of reasonable foresight would not anticipate, and this principle we find applicable to this case as it is presented to us.

The motion for reconsideration is denied.

HILL, C. J., did not participate.