DICKSON v. BOARD OF DIRECTORS OF LONG PRAIRIE LEVEE
DISTRICT.

Opinion delivered December 5, 1921.

1. EMINENT DOMAIN—CONDEMNATION FOR LEVEE PURPOSES.—Where,
   after condemning certain land for levee purposes, the levee board
   decided to change the location of the levee and to appropriate
   other land for that purpose, it was necessary that the new lo-
   cation be condemned, and that compensation therefor be made to
   the owner.

2. COURTS—CONSTRUCTION OF OPINIONS.—The language of a de-
   cision is always to be understood by applying it to the facts
   of the case and construing it with reference thereto.

3. APPEAL AND ERROR—CONSTRUCTION OF FORMER OPINION.—A de-
   cision on a former appeal, in an action by a levee district to re-
   strain a landowner from preventing access to his land sought to
   be taken for relocation of the levee, that oral evidence of the con-
   demnation proceedings was incompetent, as the record is the
   best evidence, did not preclude the landowner from showing that
   there had been no proceedings to condemn the new location of the
   levee.

Appeal from Lafayette Chancery Court; *J. Y. Stev-
ens,* Chancellor; reversed.

*B. E. Carter* and *J. M. Carter,* for appellants.

There was no condemnation of the right of way over
which the levee was built. 146 Ark. 14; 138 Ark. 471.

The plaintiff had no right to go upon the land of de-
fendant and construct its levee over a right of way which
had not been condemned for that purpose. *Nunes* v.
*Coyle,* 148 Ark. 365; 143 Ark. 302 229 S. W. 38 142
Ark. 509.

*R. L. Searcy,* for appellee.

The question of condemnation of right-of-way has
been settled by a former decision in this case. 146 Ark.
14. See also 56 Ark. 171; 60 Ark. 54.

HART, J. This is a suit in equity by the board of
directors of a levee district to enjoin a landowner from
interfering with them in constructing a levee across his
land. The landowner defended on the ground that there

had been no condemnation of his land for a right-of-way on which the board had proceeded to build the levee.

This is the second appeal in the case. The opinion on the former appeal contains a statement of the facts, and is reported in 146 Ark. p. 14, under the style of *Dickson* v. *Board of Directors of Long Prairie Levee District.*

The levee district was created by special statute, and the General Assembly of 1917 passed another special statute for the purpose of enabling the board of directors to rebuild a portion of the levee which had been washed away and to raise and strengthen it for the protection of the lands in the district. This statute provided the method by which the board might appropriate additional lands for the purpose of rebuilding the levee.

On the former appeal the court held that the remedy provided for the aggrieved landowner answered in all respects the constitutional requirements of due process of law and of awarding compensation for private property taken for public use.

Under the facts stated the board located the right-of-way for rebuilding the levee over the land of the grantor of Kelley Dickson, and the land necessary for the right-of-way was appropriated by the board in the manner provided by the statute. Kelley Dickson then purchased the land. Before the board proceeded to construct the levee across the land which had already been condemned for a right-of-way, it caused a new survey to be made and located the right-of-way on the same land, but about 500 feet distant from the former location. The new location was outside of the right-of-way taken by the first location. No notice was given to Kelley Dickson of the new location and of the intention of the board to appropriate additional lands for the construction of the levee.

The chancery court admitted oral testimony as to the plans and specifications for constructing the levee. On the former appeal the court held that the filing of the plans and specifications in the office of the county

clerk made a record which constituted the sole evidence of what was done in that regard, and that oral evidence thereof could not be introduced in the absence of proof of loss or destruction of the record.

The decree was reversed because oral proof as to the plans and specifications was admitted over the objections of Dickson, the landowner, without any showing that the plans and specifications showing the re-location of the levee had been lost.

The cause was remanded with directions to permit record evidence to be introduced to show that there was a valid condemnation of the land of Dickson in accordance with the statute, and for further proceedings not inconsistent with the opinion.

Upon the remand of the case the chancery court refused to allow Kelley Dickson to introduce proof tending to show damage to his land and crops on account of re-locating the levee on his land and appropriating them for a right-of-way for it. The ruling of the court proceeded upon the theory that the question was adjudicated on the former appeal.

We do not agree with counsel in this contention. As we have already seen, before Dickson purchased the land, the board had condemned the right-of-way across it in the manner provided by the statute. After Dickson purchased the land, the board relocated the levee across his land at a point outside of the first location. It had the right under the act to abandon the first right-of-way located and to locate a new right-of-way for the purpose of constructing the levee, if it thought the new location would afford better protection to the lands in the district. It was necessary, however, for the board to condemn the land taken by it for the new location, for the reason that it was outside of the right-of-way condemned in the first location, and therefore was not included therein. No notice was given to Kelley Dickson as required by the statute, when the land was appropriated for the new location of the levee after he had purchased it.

It is evident that it was not in the power of the board to re-locate the levee and take additional land for the right-of-way without first providing for just compensation to be made to the owner in the manner provided in the statute. But counsel for the board invokes the well settled doctrine that questions once determined in the appellate court will not be examined there on the second appeal in the same case. This court has repeatedly recognized the principle that a decision on appeal governs the case throughout all its subsequent stages, but we do not understand it to be what the counsel for the levee board asserts.

In our judgment a decision rendered on appeal determines only such questions as are presented for decision and are decided as essential to a just disposition of the pending appeal. The language of a decision is always to be understood by applying it to the facts of the case decided and construing it with reference thereto. *Little Rock Trac. & Elec. Co.* v. *Kimbro,* 75 Ark. 211.

On the former appeal, the issue raised was whether or not the land in question had been appropriated by the levee board for a right-of-way in the manner prescribed by the statute. To show this fact the board was permitted to introduce parol evidence as to the plans and specifications showing the re-location of the levee. As we have already seen, the court held that this was error, in the absence of proof of loss or destruction of the records, which would be the best evidence. This court tries chancery cases *de novo,* and it could not know whether there had been a valid condemnation or appropriation of the lands in question for a right-of-way until all the evidence was before the court on appeal. The decree of the chancery court was reversed on the former appeal because incompetent evidence had been admitted on the issue as to whether there had been a valid appropriation of the land in question. Upon the remand of the case, necessarily the very question presented was, whether or not there had been a valid appropriation of the land in question, and it was the duty

of the chancery court to determine that question after hearing all the competent proof on the issue. The principle of the law of the case when applicable to a subsequent appeal of the same case is limited to decisions on the prior appeal on points necessary to a determination of the cause.

The court should have heard all the competent evidence upon the question of whether or not a valid condemnation or appropriation of the land in question had been made by the levee board. This question was not decided on the former appeal, because the court held that the chancellor had heard and considered incompetent evidence in reaching its conclusion, and the cause was therefore remanded so that the chancellor might decide the question on competent evidence.

The record shows that there had been no valid appropriation or condemnation of the land for levee purpose, and the court erred in not awarding Dickson, the landowner, damages or compensation for the land taken. Therefore the decree will be reversed, with directions to dismiss the complaint for want of equity and for further procedings according to law and not inconsistent with this opinion.