McLeod, Sheriff v. Shaver.

4-5449                                    127 S. W. 2d 258

Opinion delivered April 17, 1939.

T. A. French and V. E. Upton, for appellant.

F. G. Taylor and DeWitt M. Hines, for appellee.

Baker, J.   This case was a suit brought by the appellee to enjoin Dan McLeod, Sheriff and Collector of Clay county, from collecting a peddler's license from John B. Shaver, who was operating what is known or called a rolling-store in that county.  It is the contention of the appellee that the act authorizing the collection of peddler's license for each county against peddlers engaged in the same business as appellee was repealed by Act 63 of the Acts of 1929 and that the first fifty-one sections of Act 63 were expressly repealed by Act 119 of 1929; that no part of the law fixing peddlers' licenses had been re-enacted; that, therefore, the sheriff was attempting to enforce an unjust or illegal exaction and was subject to be enjoined on account thereof.  The serious question that arises in this case is to determine whether section 6 of the original Act 114, of Acts of 1883, which section is now brought forward as section 13574 of Pope's Digest was repealed by Act 63 aforesaid.  If that section or provision of the statutes, for the collection of license fees against peddlers, was repealed, the repeal is by implication, and since repeals by implication are not favored, it is necessary that we analyze

to some extent the law as presented here upon this appeal.

Act 63 of the Acts of 1929 is a restatement of the law in this state imposing different forms of privilege taxes. It gathers up the several different subjects in which privilege taxes have been assessed or imposed and codifies the same in this new Act 63. In fact, it may be said that this Act 63 is so extensive that it covers approximately eighty-eight pages of the book wherein it is published. Section 26 is devoted to a privilege tax to be imposed upon peddlers.

On account of the fact that it would unduly extend this opinion to copy from this Act, let it be said that the general definitions given in Act 63 of 1929 are not essentially different from what they were in the statutes and decisions upon the same subject, since the original act was passed. It was, beyond question, the same subject-matter. Section 26 of Act 63, p. 178, provides that if the peddler goes on foot, selling his wares, he shall pay to the State the sum of $250. If he travel otherwise than on foot, he shall pay the sum of $500. No provision is made for a separate tax by any county or town, but this fact was not a matter that was overlooked. That is certain. The legislature evidently had in mind the old statutes or enactment of 1883 which provided that the peddler should pay a county license of $25. The peddler's license to be issued under Act 63 was under the following provisions: "A peddler's license shall not be transferrable and any person so licensed shall indorse his name on the said license and such license shall confer authority to sell at any house or place within the county or city within which the license was granted." (page 177). It will be observed that the legislature expressly provided that it authorized peddlers to operate in the county or city where issued. It certainly was not intended to authorize the licensee to so act in any county and then to charge in addition thereto a $25 fee for further license upon the same privilege in the same county. Act 63 gives complete right or authority only to have that right denied by Act 114 of 1883 according to ap-

pellant's contention. We must hold that under the cannons of construction, long recognized by all the courts, if the legislature take up the subject and treat it anew and cover the whole field of legislation, though it may not by express terms refer to any prior statute, the new or last statute must be declared to be the law and the oldest statute be regarded as having been repealed by implication. Particularly, is this true if the two Acts are repugnant to each other. In this instance, the last authorizes the peddler to sell in any county of the State by paying the fees provided for in Act 63. *State, ex rel Trimble* v. *Cantas,* 191 Ark. 22, 82 S. W. 2d 847.

Section 6 of the Act of 1883, page 199, requires fee of $25 and this is in express conflict with the above provisions of Act 63. It must be apparent, even upon casual reading, that since the two are repugnant the last must prevail as the law of the land, the first being repealed by implication. Since it is generally presumed that the legislature meant to tax the privilege of peddling an anomalous situation arises by reason of the fact that ten days after the passage of Act 63 of 1929 the legislature passed Act 119 of the Acts of 1929, the only effect of which was to repeal the first 51 sections of Act 63 aforesaid and this, of course, includes section 26, which was at that time the only authority providing for a tax upon peddlers.

It is argued now that we had impliedly, at least, if not expressly upheld the $25 tax upon peddlers in a very recent case of *Gill and Hamrick* v. *State,* 195 Ark. 846, 114 S. W. 2d 837. It is true that in that case we affirmed a conviction of Gill. This affirmance was upon the case presented to us at that time, that is to say the facts as presented upon the appeal presented a question of law as to the violation of this peddler's statute, section 6 aforesaid of Act 114 of Acts of 1883, page 199, and the question of the repeal did not arise by reason of any matter presented therein. It is most probably true that had our attention been called at that time to Act 63 of 1929 and Act 119 of 1929 we would have held that there was no authority to impose this tax, but in that

case the authority to impose the tax was not called to our attention. The defense there was not that said section had been repealed. So it must appear that the question here on this appeal was not then before us for decision, except impliedly so. The rule is that decisions on appeal settle or determine only such questions as are presented. See *L. R. Traction Co.* v. *Kimbro,* 75 Ark. 211, 216 (on rehearing), 87 S. W. 121, 644; *Dickson* v. *Board of Directors,* 151 Ark. 22, 235 S. W. 45.

No question is raised here that the court may not enjoin illegal exactions, at least not seriously insisted upon.

We think it necessarily follows from the foregoing statement that the chancellor's opinion and decree were correct.

Affirmed.