The Honorable William P. Mills State Representative P. O. Box 1378 Searcy, AR 72143
Dear Representative Mills:
This is to acknowledge receipt of your letter requesting an opinion on the interpretation of Ark. Stat. Ann. 71-401. Specifically you ask if this statute requires an auctioneer, if licensed in one county, to also be licensed in every other county in which he does business. Ark. Stat. Ann. 71-401 provides:
 No person shall exercise the trade or business of a public auctioneer, by selling any goods or other property subject to duty under this law, without a license, to be issued according to law.
The foregoing and subsequent statutes do not specify who is to issue such a license but rather establish a tax payable to the county on auction sales, together with provisions for bonds, accounting and collection of this tax. Furthermore, when considering the scope of the numerous sales which are exempt under Ark. Stat. Ann. 71-408, very few auctioneers would be subjected to the licensing requirement under 71-401. Ark. Stat. Ann. 71-408 provides:
 Sales of property exempt from duty. — Sales of property at auction shall be free from duty in the following case, and the auctioneer making such sales not subject to any of the duties or licenses set forth in this chapter relating to auctioneers, to-wit: First. When directed by any statute of the United States. Second. In execution of any order, judgment or decree of any court of justice of the peace of this State or court of the United States. Third. In cases of bankruptcy or insolvency, pursuant to any law of this State or the United States. Fourth. In consequence of any general assignment of property and effects by any debtor for the benefit of his creditors. Fifth. Property of deceased persons sold by authority of an executor or administrator. Sixth. Boats, vessels, rafts, lumber and other property wrecked, stranded or found adrift on any of the waters of or adjoining this State. Seventh. Sales of livestock, agricultural products, farming implements, farming utensils, household and kitchen furniture. Eighth. sales of lands or leasehold interest therein. Ninth. Sales of motor vehicles. (Emphasis added.)
Since there is no state agency or board which regulates this profession, any licensing of auctioneers would be done at the county level under the authority of Ark. Stat. Ann. 84-1503 passed to enforce the county privilege tax imposed under Ark. Stat. Ann. 84-1502. Again a review of these as well as subsequent statutes does not specifically answer your question, but a review of the legislative history and case law involving another subsection of the same statute could arguably be construed to support the opinion that an auctioneer must secure a license in each county in which business is transacted.
Subsection "First" of 71-1502 imposed a similar county privilege tax on "hawker or peddlers" that subsection Fourth imposes on auctioneers. Subsection First was found by the Arkansas Supreme Court in the case of McLeod v. Shavers, 127 S.W.2d 258 (1938) to have been superseded by Act 63 of 1929. In reaching this decision, the court found that Act 63, unlike subsection First of 71-1502, would authorize a peddler to sell in any county of the state by paying the one established license fee. From this it would appear that prior to Act 63, peddlers were required to pay the privilege tax in each county where business was conducted. Since Act 63 did not extend to auctioneers, and considering the principle that the ability to tax normally carries the authority to also license as a legitimate means of enforcement, it would appear that an auctioneer may be required to secure a separate license from each county in which he conducts his business.
Though not requested in your letter, please note that under the authority of Ark. Stat. Ann. 19-2331 and 19-4610 certain municipalities are authorized to regulate and tax, thus license, auctioneers.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Joseph V. Svoboda.