Charles D. RAGLAND, Commissioner of Revenues of the State of Arkansas *v.* PITTMAN GARDEN CENTER and Donald M. PITTMAN, d/b/a PITTMAN NURSERIES COMPANY

87-195                                              739 S.W.2d 671

Supreme Court of Arkansas
Opinion delivered November 16, 1987

*Kelly S. Jennings*, Revenue Legal Counsel, for appellant.

*Anderson, Crumpler & Bell, P.A.*, for appellees.

ROBERT H. DUDLEY, Justice. The sole issue on appeal is whether wages paid by the appellee businesses were subject to the Arkansas income tax withholding laws. The Chancellor held the wages were not subject to withholding. We reverse and remand.

■ Appellee Pittman Nurseries Company produces a large variety of nursery plants and sells them in the wholesale market. Appellee Pittman Garden Center, Inc., also produces nursery plants but sells most of its production in the retail market. If the nursery and the garden center did nothing more than raise the horticultural products, they would be exempt from withholding income tax on wages because such wages would be for "agricultural labor." The applicable statutes setting out withholding requirements and the agricultural exemption are set out below.

Ark. Stat. Ann. § 84-2076(a) (Repl. 1980) provides, in part, "Every employer making payments of wages to employees shall deduct and withhold from such wages an amount determined from withholding tables promulgated by the Commissioner and furnished to the employer."

Ark. Stat. Ann. § 84-2075(m)(3) (Supp. 1985) provides, " 'Wages' means remuneration in cash or other form for services performed by an employee for an employer, except that it shall not include remuneration paid . . . for agricultural labor."

■ Arkansas looks to federal social security (FICA) law for the definition of "agricultural labor": "As used in this Act [§§ 84-2074—84-2085]: (a) 'Agricultural labor' means agricultural labor as defined in United States Code, Title 26, Section 3121(g) [26 U.S.C. § 3121(g)], on January 1, 1967." Ark. Stat. Ann. § 84-2075(a) (Repl. 1980 & Supp. 1985). The cited *United States Code* section provides in part:

(g) Agricultural labor

For purposes of this chapter, the term "agricultural labor" includes all service performed—

(1) on a farm, in the employ of any person, in connection with cultivating the soil, or in connection with raising or harvesting any agricultural or *horticultural commodity*, including the raising, shearing, feeding, caring for, training, and management of livestock, bees, poultry, and fur-bearing animals and wildlife. . . .

As used in this subsection, the term "farm" includes stock, dairy, poultry, fruit, fur-bearing animal, and truck farms, plantations, ranches, *nurseries*, ranges, greenhouses or

other similar structures used primarily for the raising of agricultural or *horticultural commodities,* and orchards.

26 U.S.C. § 3121(g) (1982) (emphasis added).

█ As stated above, if the appellees did nothing more than raise horticultural commodities at a nursery they would be exempt from withholding. However, they do more. They direct some of their employees to do landscape work for a related corporation, Pittman Landscape Planners, Inc. The exemption of wages paid for "agricultural labor" is not applicable to wages paid for landscaping. Landscaping services occur after the horticultural products are delivered to the customers' premises, and 26 U.S.C. § 3121(g)(4)(C) (1982) provides that the exemption for agricultural labor under the federal act shall not apply to services "performed in connection with . . . any commodity after its delivery to a terminal market . . . for consumption."

█ Therefore, the issue presented by this case is how an employer's agricultural exemption is determined when the employees perform duties consisting of both agricultural and non-agricultural labor. The answer is found in 26 U.S.C. § 3121(c) (1982). This section provides, in part:

> [I]f the services performed during one half or more of any pay period by an employee for the person employing him constitute employment, all the services of such employee for such period shall be deemed to be employment; but if the services performed during more than one-half of any such pay period by an employee for the person employing him do not constitute employment, then none of the services of such employee for such period shall be deemed to be employment.

*Id.* Section 3121(g) incorporates § 3121(c), with the result that the agricultural labor exemption applies *only* if the employee in question performs services that constitute valid agricultural labor for at least one-half of any pay period (a period of not more than 31 consecutive days). Since the Arkansas statute expressly defines "agricultural labor" by reference to § 3121(g), and since § 3121(g) incorporates § 3121(c), the § 3121(c) requirements are also incorporated into the law of this State.

The trial court tried the case on the theory advanced by the

appellees that the sole test was whether the nursery and garden center produced more than one-half of the horticultural products sold. This was not the correct test when the undisputed facts showed that the employees performed part of their labor *at the terminal market.* As set out above, when part of the labor is performed at the terminal market, the applicable test is whether qualifying agricultural labor made up at least one-half of the pay period. Each employee who meets the one-half requirement can be exempt as an agricultural laborer for that pay period.

We have examined the evidence adduced, particularly Defendant's Exhibit 3, but are unable to determine whether each employee who worked at landscaping devoted at least half of his time during a pay period to agricultural labor. Therefore, we remand for a determination of that issue and ruling consistent with this opinion.

Reversed and remanded.