374

Charles D. RAGLAND, Commissioner of Revenues *v.*
PITTMAN GARDEN CENTER, INC., and Donald
Pittman d/b/a Pitman Nurseries Co.

91-115                                    820 S.W.2d 450

Supreme Court of Arkansas
Opinion delivered December 9, 1991

*Cora L. Gentry,* for appellant.

*Anderson, Crumpler & Bell, P.A.,* by: *P.C. Crumpler,* for appellees.

ROBERT L. BROWN, Justice. This is the third time that this case has been before us on appeal. The issue each time has remained essentially the same. The appellees, Pittman Garden Center, Inc., and Donald Pittman d/b/a Pittman Nurseries Co., which are located in Magnolia, argue that certain of their employees — about 57 in number — should be exempt from state income tax withholding because they are engaged in agricultural labor. Donald Pittman is a principal of both businesses. The appellant, the Commissioner of Revenues, contends that affected employees of the appellees are not involved in agriculture, but rather are engaged primarily in providing horticultural and

landscaping services.

The factual backdrop against which the case must be decided is this. The Pittman appellees operate a nursery that produces and sells multiple plants for the wholesale market and a garden center that sells plants to customers in the retail market. The employees of the Pittman appellees also deliver horticultural products and provide labor to a separate Pittman business, Pittman Landscape Planners, Inc., which is not a party to this litigation. The landscaping business serves customers in south and central Arkansas and northern Louisiana. Pittman Landscape Planners, Inc., was run during the relevant time period by appellee Donald Pittman's daughter, Donna Pittman.

From January 1, 1982, through April 30, 1985, the commissioner conducted income tax withholding audits of the Pittman appellees and as a result of those audits, assessed additional withholding taxes. The Pittman appellees objected on the ground that their employees were engaged in agricultural labor and were, therefore, exempt. The assessments were reviewed administratively and upheld. From that ruling, the Pittman appellees filed suit in chancery court for judicial review.

The chancellor first found that the Pittman employees were engaged in agricultural labor and, thus, were exempt from withholding. The commissioner appealed, and we reversed. *See Ragland* v. *Pittman Garden Center*, 293 Ark. 533, 739 S.W.2d 671 (1987) (*Ragland* I). We first observed that the exemption is not applicable to wages paid for landscaping services after the commodity is delivered to the terminal market. In so deciding, we relied on the precise language of Ark. Code Ann. § 26-51-902(1) (1987), which specifically refers to a section of the federal social security law — 26 U.S.C. § 3121(g) (1988) — for its definition of "agricultural labor." Landscaping services are not included in the federal definition. We did note, however, that certain employees were engaged in both agricultural and landscaping work. To assist in determining whether the employees were agricultural or not, we looked to a federal statute incorporated within 26 U.S.C. § 3121(g) (1988), which provided that when an employee devotes one half or more of his or her time to agricultural labor, that employee is exempt from withholding. *See* 26 U.S.C. § 3121(c) (1988). We remanded the case to the chancellor to determine the

percentage of time the employees spent in providing agricultural services and the percent involved with landscaping services.

On remand, the chancellor included transportation time for the delivery of plants to customers as agricultural labor. After doing so, he again found that the employees of the Pittman appellees qualified for the exemption. The commissioner then filed a second appeal.

In *Ragland* II, we agreed with the commissioner that non-agricultural labor began when the employees left the nursery to commence delivery of the plants to a landscaping customer and not when they arrived at the customer's location. *See Ragland* v. *Pittman Garden Center, Inc.*, 299 Ark. 293, 772 S.W.2d 331 (1989). However, we were unable from the record to ascertain whether, even with the exclusion of transportation time, the employees were engaged in agricultural labor half of their work time or more. We, therefore, remanded the case a second time for the chancellor to make a finding of the time spent in each endeavor.

The Pittman appellees filed a petition for rehearing and asked us to clarify the issue of when transportation time attached to agricultural services and when it attached to landscaping services. In a supplemental opinion, we clarified this point by reference to a standard set out in a federal regulation which was adopted pursuant to the Fair Labor Standards Act. *See Ragland* v. *Pittman Garden Center, Inc.*, 299 Ark. 298, 777 S.W.2d 222 (1989); 29 C.F.R. § 780.206. We concluded, on the basis of that regulation, that agricultural labor may indeed include time spent in delivering products to customers under some circumstances but should not be included if the delivery is merely incidental to providing landscaping services.

After a full hearing on remand on October 3, 1990, the chancellor entered a decree, stating that the Pittman appellees had established beyond a reasonable doubt that the primary purpose of the transportation was the delivery of agricultural products to market and was not merely incidental to landscaping services as defined by 29 C.F.R. § 780.206. There was no finding from the bench following the hearing, and no findings of fact accompanied that decree. The chancellor further concluded in his decree that Pittman was only liable for $861.18 in state withhold-

ing taxes for wages paid to employees who spent more than fifty per cent of their time engaged in landscaping activity. The commissioner moved to set aside the decree and for a new trial, but that was denied.

For his first argument on appeal, the commissioner argues that the chancellor clearly erred in finding that the employees of the Pittman appellees were entitled to the exemption. He cites us to *Ragland* II, where we stated that the law puts a pronounced burden on the taxpayer to establish entitlement to an exemption by proof that is both beyond a reasonable doubt and conclusive. 299 Ark. at 298; 772 S.W. 2d at 333. He then refers specifically to the testimony of Donna Pittman, who ran the Pittman Landscape Planners, Inc. during the operable time and who stated that following the delivery of plants, "seventy-five percent of the time we actually install the plants into the ground." The commissioner further directs our attention to the testimony of the auditor, Dennis Johnson, who testified that all 57 employees of the Pittman appellees were reimbursed 100% for their employment time by Pittman Landscape Planners, Inc.

The commissioner is correct that we strictly construe tax exemptions, and any doubt is resolved in favor of the tax. *See C.J.C. Corp.* v. *Cheney*, 239 Ark. 541, 390 S.W.2d 437 (1965). We also review tax exemption cases by trial de novo. *See Ragland* v. *Dumas*, 292 Ark. 515, 732 S.W.2d 119 (1987). Moreover, the Pittman appellees have the burden of proving the exemption beyond a reasonable doubt. *See S.H. & J. Drilling Corp.* v. *Qualls*, 268 Ark. 71, 593 S.W.2d 178 (1980). In other words, the burden resided on Pittman appellees to prove that the transportation time was agricultural labor and not incidental to landscaping work at the trial on October 3, 1990.

In light of these well-established principles, we conclude that the Pittman appellees did not meet their burden. We, again, are drawn to the testimony of Donna Pittman, who testified that seventy-five percent of the time the employees of Pittman appellees put the plants in the ground following delivery. This more than suggests that the plants were delivered incident to the landscaping services. Donna Pittman was in the best position to know, as the person who ran the landscaping business, what the employees actually did on the job, and her conclusion carries

considerable weight. Moreover, the landscaping firm was reimbursing the Pittman appellees 100% for the work done by these employees. That runs counter to any contention that the employees were not engaged in landscaping labor.

In reviewing the record of the last hearing, we find that sufficient proof to sustain that the transportation related to agriculture was not presented by the Pittman appellees. It was their burden to prove the exemption beyond a reasonable doubt. This they failed to do, and the chancellor clearly erred in finding otherwise.

Accordingly, we reverse the chancellors' decision and remand the matter for a judgment to be entered consistent with this opinion in the full amount of the assessment.

Reversed and remanded.