GARNER *v*. STATE.

Opinion delivered November 27, 1922.

1. HAWKERS AND PEDDLERS—STATUTORY DEFINITION.—The definition of hawkers and peddlers in Crawford & Moses' Dig., § 9793, is applicable both to the county tax imposed by § 9833, *Id.*, and to the State tax imposed by § 9794, *Id.*

2. HAWKERS AND PEDDLERS—FARM AND PRODUCE SELLERS.—Crawford & Moses' Dig., § 9841, providing that those engaged in the exchange of goods, wares, and merchandise for eggs, chickens, etc., may carry on such business without a license, exempts such persons from both the State and the county license.

3. HAWKERS AND PEDDLERS—RIGHT OF FARM AND PRODUCE SELLERS TO MAKE CHANGE.—Crawford & Moses' Dig., § 9841, providing that "farm and produce sellers" are exempt from requirement of license where exchanging goods for eggs, chickens, etc., but

allowing the giving and receiving of money "in carrying on said business when necessary or when change cannot otherwise be made," authorizing the making of money change only when the prices of commodities exchanged do not precisely coincide, but does not authorize a peddler without license to sell his merchandise for cash merely because he cannot exchange it.

4. CRIMINAL LAW—DIRECTION OF VERDICT OF GUILTY.—Where, in a prosecution of a misdemeanor the punishment for which was a fine only, the evidence of guilt was undisputed, the court properly directed a verdict of guilty with instructions to the jury to fix the amount of the fine.

5. HAWKERS AND PEDDLERS—PENALTY FOR FAILURE TO PAY LICENSE TAX.—Crawford & Moses' Dig., § 9798, prescribing a penalty for failure of hawkers or peddlers to pay a license tax, applies to the tax required of peddlers of clocks, sewing machines, lightning rods, steel stove ranges, pumps, buggies, etc., but not to peddlers of ordinary merchandise.

6. HAWKERS AND PEDDLERS—PENALTY FOR FAILURE TO PAY LICENSE TAX.—Crawford & Moses' Dig., § 9835, prescribing a fine for failure to pay peddler's license tax, applies to the failure to pay both the county and the State tax.

Appeal from Little River Circuit Court; *James S. Steel*, Judge; judgment modified.

*Steel, Johnson & Shaver*, for appellant.

*J. S. Utley*, Attorney General, *Elbert Godwin* and *Wm. T. Hammock*, Assistants.

McCULLOCH, C. J. Appellant was indicted and tried for violation of the statute (Crawford & Moses' Digest, § 9833) which provides for the collection of "a county tax * * * the sum of twenty-five dollars on each and every hawker or peddler by land or water for the privilege of hawking and peddling goods, wares and merchandise in any county in this State, for the term of six months or less." The trial court decided that appellant was guilty, under the undisputed evidence, and directed the jury to fix his punishment at a fine of not less than two hundred dollars and not more than five hundred dollars, and the jury fixed the minimum fine under that direction. The statute prescribing the punishment will be referred to later in this opinion.

There was a demurrer to the indictment, which the court overruled, and it is contended that the court erred in overruling the demurrer, likewise in directing a verdict of guilty and in prescribing the amount of the punishment.

The contention of appellant involves the construction of the whole of our statutes providing for licenses for the privilege of hawking and peddling. The basis of the law on this subject begins with the general revenue act of March 31, 1883 (Acts of 1883, p. 518), and the above quotation is one of the subdivisions of section 6 of that act. Section 4 of the same statute (Crawford & Moses' Digest, § 9794) provided for a State tax of twenty-five dollars "on each and every hawker or peddler, whether by land or water, for the privilege of hawking and peddling goods, wares and merchandise. * * *" The same statute provided for a tax on the privilege of peddling clocks, lightning-rods, stove ranges and sewing machines. This statute did not define the term "hawker or peddler" further than as expressed in the sections quoted above, but a section of the Revised Statutes defined the term as those who "shall deal in the selling of goods, wares or merchandise other than the growth, produce or manufacture of this State, by going from place to place, either by land or water, to sell the same.' Gantt's Digest, § 4376.

The Legislature of 1885 enacted a statute repealing § 4376, Gantt's Digest, and defining the term "hawking and peddling" as follows:

"Whoever shall engage in the business of selling goods, wares or merchandise of any description, other than articles grown, produced or manufactured by the seller himself, or by those in his employ, by going from house to house, or place to place, either by land or water, to sell the same, is declared to be a peddler or hawker." Acts 1885, p. 68; Crawford & Moses' Digest, § 9793.

The definition prescribed by this statute was, of course, applicable to the provisions for license tax for

both State and county purposes. It will be observed that the statute last quoted exempted from the operation of the license tax the business of selling "articles grown, produced or manufactured by the seller himself or by those in his employ."

The Legislature of 1893 enacted another statute in substance defining "farm and produce peddlers" and exempting them from the payment of the license tax. That statute reads as follows:

"Whoever shall be engaged in the business of selling goods, wares or merchandise of any description other than articles grown, produced or manufactured by such seller himself, or those for whom he is employed, and who shall take in exchange therefor eggs, chickens, hides, peltry, furs, fruits, vegetables or other articles usually grown, produced or manufactured on farms, shall be known and styled 'farm and produce sellers,' and shall be entitled to carry on such business in this State without any tax or license therefor, and may give and receive money in carrying on said business when necessary or when change cannot otherwise be made." Acts of 1893, p. 164; Crawford & Moses' Digest, § 9841.

The act of 1893, *supra,* was an amendment to the act of 1891 (p. 127), and there was a misprint of the statute in the publication thereof by placing the word "for" between the word "or" and the word "those" in the seventh line of the printed Acts of 1893.

It was conceded in the trial below that appellant, in addition to exchanging merchandise for farm products, also sold for cash, or, as he expressed it, "sometimes received money in exchange for goods," but it is contended that, for the reason that he was carrying on the business of exchanging merchandise for farm products, he came within the statutory definition of a "farm and produce peddler" and was exempt from the payment of tax, even though he occasionally sold for cash. It is contended by the Attorney General, on the other hand, that.

the act of 1893, *supra,* only operates as an exemption from the payment of the State tax, and that it does not afford exemption from the payment of county tax.

We do not think that either of these contentions is sound. This statute is not confined in its terms to the subject of taxation for State purposes, and whatever exemption is contained therein operates as against the imposition of a county tax as well as a State tax. It is an independent statute defining certain peddlers who are to be exempt from the payment of a license tax, and, as before stated, it is not limited in its operations so far as it concerns the character of the tax, whether for State purposes or county purposes. The exemption, in other words, applies as well to one character of tax as to the other.

The contention of appellant is unsound for the reason that the exemption relates to the business of exchanging merchandise for farm products, etc., as mentioned in the statute, and does not permit the sale of goods by peddlers without payment of the tax. It is true that the statute expressly provides that one carrying on the business as a farm and produce peddler "may give and receive money in carrying on said business when necessary, or when change cannot otherwise be made." This language is not broad enough to manifest an intention to permit a peddler of the class named to sell his merchandise for cash merely because he could not exchange it. The word "necessary" used in the statute relates to the exchange of goods, and only authorizes the receipt of money in consummating an exchange, such as making change of money where the prices of the commodities exchanged do not coincide precisely. The act of 1893, *supra,* is somewhat peculiar in its terms in excluding from its operation the exchange of "articles grown, purchased or manufactured by such seller himself or those for whom he is employed," but we do not find it necessary to discuss that feature of the statute, for the reason that, according to the undisputed evidence in this case, appellant was

selling merchandise as well as exchanging it, and his business, for that reason, did not fall within the definition of farm and produce peddling.

Construing the statute in this way, the indictment properly charged an offense, and the court was correct in overruling the demurrer, and was also correct in directing a verdict of guilt, the only punishment prescribed for the offense being the imposition of a fine.

This brings us to a discussion of the amount of the fine, and the Attorney General concedes that the court was in error in prescribing the amount of the punishment.

The statute imposing a fine of not less than two hundred dollars nor more than five hundred dollars (Crawford & Moses' Digest, § 9835) applies only to the offense of failing to pay the license tax for peddling lightning-rods, steel stove ranges, clocks, pumps, buggies, carriages, or other vehicles. It does not prescribe a penalty for failing to pay the ordinary peddling license.

Crawford & Moses' Digest, § 9798, which was a subdivision of § 4 of the act of 1883, *supra,* prescribes the penalty for violation of the statute requiring the payment of State and county license tax for peddling. This statute reads as follows:

"Any person who shall engage in the business of hawking or peddling, or in peddling clocks, or as agent for the sale of sewing machines, stoves, ranges, or lightning-rods, without having paid the tax as provided in this act for said privilege, shall be guilty of a misdemeanor, and upon conviction shall be fined in double the amount of license he would be by the provisions of this act chargeable with."

It is the only section in the act of 1883, *supra,* prescribing a penalty for failing to pay a license tax, and it necessarily applied to the tax for county as well as State purposes. According to that statute, the fine could only be for double the amount of the license, and the court should only have imposed a fine of fifty dollars, which is

double the amount of the county tax which appellant is charged with failing to pay.

The judgment is therefore modified so as to reduce the punishment to a fine in that sum. It is so ordered.