## STATE v. H. C. O'BRIANT.

(Filed 29 October, 1924.)

**Taxation—Peddler's Tax—Statutes.**

> One who travels with an auto-truck loaded with merchandise and delivers goods purchased by retail dealers therefrom, though in the manufacturers' original packages, is a peddler within the terms and intent of our statute requiring the payment of a peddler's tax.

APPEAL by the State from judgment rendered on special verdict before *Cranmer, J.,* and a jury, at August Term, 1924, of PERSON.

*Attorney-General Manning, Assistant Attorney-General Nash, and C. A. Hall for the State.*
*L. M. Carlton for defendant.*

PER CURIAM. The defendant was indicted for "unlawfully and willfully engaging in the business of an itinerant merchant and peddler of goods, wares and merchandise without first having paid the license tax and obtained a license so to do, as required by law."

The following is the special verdict and judgment:

The jury, after being impanelled to try the issue in the case, find the following special verdict: That the Durham Seed Company is engaged in the retail seed business and in the wholesale candy, cigar and tobacco business, located in the city of Durham, N. C.

That the defendant, H. C. O'Briant, is an employee of the Durham Seed Company and as such travels in Durham and surrounding counties, including Person County, in an automobile truck and makes sales of candy, cigars and tobacco for the Durham Seed Company, in the following manner, to wit: He carries a stock of candy, cigars and tobacco in said automobile truck and solicits orders for same, carrying with him samples and a sample case, which he displays to the merchants and those having a fixed place of business and sells only in unbroken packages, as put up by the manufacturers.

That the defendant takes orders for his sales in duplicate and delivers a copy to the purchaser and thereupon delivers said goods from said truck to fill the order, and in the event he has not the goods on his truck with which to fill the purchase, he delivers it later, by express or mail if the customer requests.

That on or about 3 June, 1924, the defendant came to Roxboro, as was his custom, with his truck loaded with goods, and went into the retail store of one A. B. Brown, on Main Street, with his samples of candy in sample case, which he displayed to said Brown and took an order for a box of candy in an unbroken package, and after taking said order, and delivering a copy to said Brown, he delivered said box of candy from said truck.

For the past several months, the defendant, H. C. O'Briant, has been making trips to Roxboro for the purpose of making such sales, as set forth above, once a week and sometimes twice a week, and most of the time the defendant carries sufficient goods on his truck to make deliveries in fulfillment of the orders received on the trip.

That neither the Durham Seed Company, nor the defendant, H. C. O'Briant, had, prior to 3 June, 1924, applied for the license imposed in section 45, ch. 4, of the Public Laws of 1923, and neither the Durham Seed Company, nor the defendant, H. C. O'Briant had paid the license tax imposed in section 45, ch. 4, of the Public Laws of 1923.

If, upon the foregoing facts, the court should be of the opinion that the defendant is guilty, then the jury so find, but if the court should be of the opinion that the defendant is not guilty, then the jury find him not guilty.

The court is of the opinion, upon the foregoing facts, found by the jury, that the defendant is "Not Guilty."

The State appealed from the judgment of the court below.

The statute, sec. 45, of the Revenue Act, ch. 4, Public Laws of 1923, defines a peddler as follows: "Any person who shall carry from place to place any goods, wares or merchandise and offer to sell or barter the same, or actually sells or barters the same." The original idea, of course, of the peddler is one who carries his goods about with him in a pack on his back and retails them to consumers. The statute, however, broadens the term "peddler" so as to include other classes of persons who otherwise would not come within the signification of that term. It includes those who carry goods about with them in a vehicle of any kind; it includes medicine fakers; it includes itinerant salesmen, and then lower down in the section it gives another inclusive definition of a peddler, as follows: "Any person carrying a wagon, cart, buggy or motor-driven vehicle or traveling on foot for the purpose of exhibiting or delivering any wares or merchandise shall be considered a peddler. . . . This section shall not apply to drummers selling by wholesale, and bona fide residents who are blind."

The State contended that this latter definition includes the defendant, notwithstanding the fact that he was selling goods in original packages to those who bought regularly from him, and to retail dealers. The defendant contended that he was a drummer within the statute and consequently, it does not apply to him. The term "drummer," however, has a definite and distinct meaning as ordinarily understood. He is one who travels from place to place, carrying with him samples from which he sells goods to customers, to be delivered thereafter. He in no sense carries the goods with him, but as agent for his employer, sells by sample and does not deliver the goods. He is a commercial traveler who carries no goods with him.

We are of the opinion that the statute intends to tax as peddlers persons who carry the goods with them in a truck and sell and deliver them to purchasers from the truck, even though those purchasers may

be retail dealers and the goods are sold in small original packages. It is the *method* of sale which is taxed, and not the sale itself. There is in the statute a certain measure of protection for local dealers who pay taxes locally and are dependent upon their local trade for a profit. To make the statute depend upon whether or not the goods are delivered in the original package would open the door to continual frauds upon the statute itself. All the peddler would have to do would be to get the dealer who sells to him to put up the goods in small packages, take them about with him and sell and deliver them from a truck.

Nor, do we think it would make any difference what class of people he sells to, if he does sell and deliver from a stock of goods carried about with him. Of course, it would be otherwise with reference to goods sold by sample which are thereafter to be delivered either by mail, express or truck. That would not be peddling within the statute. See 3 Words and Phrases, title "Drummer," p. 2207; 2 Words and Phrases (N. S.), title "Drummer," p. 155. *S. v. Miller,* 93 N. C., 511; *Robbins v. Shelby Taxing Dist.,* 120 U. S., 489; *Emert v. Missouri,* 156 N. S., 296; *S. v. Lee,* 113 N. C., 681; *Greensboro v. Williams,* 124 N. C., 167; *S. v. Frank,* 130 N. C., 724.

See "Hawkers and Peddlers," Enc. Digest of N. C. Reports, Vol. 7, p. 1, *et seq.,* Vol. 14, p. 287.

We are indebted to Mr. Nash for a most excellent and able brief in this case, and take the liberty of using most of it in this opinion. We think there was error in the court below rendering a verdict of "Not Guilty." For the reasons given,

Reversed and remanded.