BERRY *v.* COUSART BAYOU DRAINAGE DISTRICT.

Opinion delivered June 2, 1930.

*Danaher & Danaher,* for appellant.

*A. F. Triplett,* for appellee.

MEHAFFY, J.: Cousart Bayou Drainage District was created by special act No. 283 of the Acts of 1907, and at that time included land in Jefferson County only. The act creating the district was amended several times and includes land in Jefferson and Lincoln counties. Under the original act and amendments thereto, a system of drainage was constructed, assessment of benefits was made and bonds issued to pay for the improvement. The system is inadequate, and does not properly drain the lands within the district. The work provided for by the plans has been completed. In order to protect the system of drainage contemplated, the board of directors upon petition of real estate owners alleged to be a majority of those to be benefited by the proposed improvement, but not a majority in either number, acres or value of the owners of real property in the entire district, filed an application in the circuit court of Jefferson County, setting up the necessity for the proposed improvements describing the same and the plans for the construction of said improvement, and also describing certain lands not within the district which would be

benefited, and asking authority to include such lands within such drainage district. The application was made under § 4 of act 677 of the Acts of 1923. The board of directors complied with all the requirements of act 677 of the Acts of 1923. The circuit court made an order annexing certain lands which were adjacent on the west and north to the original boundaries of the district. After the circuit court made the order of annexation the board of directors of the district filed plans for the work, and an assessment was made of the benefits to accrue from the improvement. The assessment of benefits was not on the entire lands of the district, but was an additional assessment of benefits against the lands which the assessors found would be benefited by the proposed improvement. The assessment was made under special acts, and not under the provisions of the general drainage laws. The appellants began this suit alleging the things above recited, and that the district is planning to issue bonds and has levied a tax of three per centum for each of the years 1930 to 1944, inclusive, upon the entire assessments in said drainage district including additional benefits assessed against the lands benefited, and that, in order to secure the payment of said bonds, the board is about to pledge the entire assessment of benefits against all lands in the drainage district; that plaintiffs are owners of a large quantity of land annexed by the order of the circuit court and also lands situated elsewhere in the drainage district; that some of the latter lands have not been assessed and some of them have; that defendants have no authority to do such additional work, and no authority to annex territory after the completion of improvements originally planned; that, in order to do such additional work, the petition must be signed by a majority in number or acres or value of all the owners of land within the entire district. There are a number of other allegations in the complaint, but we think the above is sufficient to present the issues. The answer denied the material allegations, and defendant also filed

demurrer to plaintiff's complaint which the court sus-
tained, except with reference to the pledge of the entire
assessment of benefits to secure the present issue of
bonds, and dismissed the complaint for want of equity.
This appeal is prosecuted to reverse this decree.

It is the contention of appellants that improvements
and extensions of the kind contemplated here must be
done, if at all, under the provisions of the general drain-
age law, while the appellee contends that authority exists
under the provisions of special acts. Act No. 227 of the
Acts of 1927 provides that all drainage districts created
by special acts are made drainage districts under the
terms of act No. 279 of the Acts of 1909, as amended
with all powers conferred by said act No. 279, and with
all liabilities and restrictions thereby imposed.

This court on April 28, 1930, in the case of *Winton*
v. *Bartlett, ante* p. 669, held that act 227 of the Acts of
1927, is valid, and, among other things, said: "The act
in question is a general law placing drainage districts,
created by special acts with reference to procedure
therein and thereafter, under the terms of the general
law as provided in act No. 279 of the Acts of 1909, as
incorporated in Crawford & Moses' Digest in §§ 3607-56,
inclusive." Drainage districts created by special acts
are now drainage districts under act 279 of the Acts of
1909 as amended.

The appellees, however, contend that the proviso in
act No. 227 of the Acts of 1927 preserves its power and
right to proceed in the same manner that it might have
proceeded prior to the passage of act No. 227. The pro-
viso reads as follows: "Provided, nothing in this act
shall be construed as taking away from any improve-
ment district created by special acts any powers which
are thereby conferred upon it, nor shall it displace any
commissioners or directors of such districts now in
office."

The question to be decided is whether the district
can proceed to annex the property and make the improve-

ment contemplated under the provisions of the special act or whether it must proceed under the provisions of the general drainage law. A decision of this question depends upon the construction of act 227 of the Acts of 1927. The primary rule in the construction of statutes is to ascertain and give effect to the intention of the Legislature. The intention and meaning of the Legislature must primarily be determined from the language of the statute itself. *Howell* v. *Lamberson*, 149 Ark. 183; *Cowan* v. *Thompson*, 178 Ark. 44; 25 R. C. L. 961.

The carrying out of the legislative intention is the prime and sole object of rules of construction. Significance and effect must, if possible, be given every part of the act. The court must view the whole and every part of the act taken and compared together. Section 1 of act 227 makes the drainage district a drainage district under the general drainage law "with all the powers conferred by the general law, and with all the liabilities and restrictions thereby imposed." One of the powers conferred by the general law is the power to annex territory, as the district seeks to do in this case, and one of the restrictions imposed is that the petition must be signed by a majority in numbers, acreage or value. Under act 203 of the Acts of 1927, the improvement may be made either before or after the completion of the plans for the work therein. It is true that the proviso in act 227 says that nothing in the act shall be construed as taking away from the improvement district created by special acts any powers which are thereby conferred upon it. When the whole act is considered, it is evident that the powers mentioned in the proviso means powers that are not inconsistent or in conflict with the general law. The general law confers the power to make the improvements contemplated by the district in this case. One of the recitals in the preamble shows clearly, we think, the intention of the Legislature. This recital is as follows: "Whereas the general drainage law, which appears as act No. 279 of the year 1909, furnishes an

adequate uniform system for the operation of drainage districts.'' It is manifest that the Legislature intended that the system for the operation of drainage districts should be uniform, and it therefore gave improvement districts created under special acts the powers conferred by the general law and imposed all the liabilities and restrictions of the general law. The powers mentioned in the proviso are, as we have said, those powers of the special districts not given by the general law. There is no necessary conflict in the provisions of the act, and, when construed as a whole, it provides a uniform system for the operation of all drainage districts, and this was, we think, the intention of the Legislature. The court erred in dismissing the complaint. The decree is reversed, and the cause remanded with directions to take such further proceedings as necessary, not inconsistent with this opinion.

SMITH and McHANEY, JJ., dissenting.