BERRY *v.* SALE.

Opinion delivered November 16, 1931.

656

W. J. Dungan, for appellant.

Elmo Carl-Lee, for appellee.

HART, C. J., (after stating the facts). The Legislature of 1931 passed an act to provide for the organization and administration of the public schools. Acts of 1931, p. 476. Section 59 of the act gives the school districts authority to borrow money for certain purposes, and reads as follows:

"All school districts are authorized to borrow money and issue negotiable coupon bonds for the repayment thereof from school funds for building and equipment of school buildings, making additional repairs thereto, purchasing sites therefor, and for funding any indebtedness created for any purpose and outstanding at the time of the passage of this act as provided in this act."

This court has uniformily held that, in the construction and interpretation of statutes, the intention of the Legislature is to be ascertained and given effect from the language of the act if that can be done. In doing this, each section is to be read in the light of every other section, and the object and purposes of the act are to be considered. *Miller* v. *Yell & Pope Bridge District*, 175 Ark. 314, 299 S. W. 15; and *Berry* v. *Cousart Bayou Drainage District*, 181 Ark. 974, 28 S. W. (2d) 1060. The reason is that statutes are written to be understood by the people to whom they apply, and their words and phrases are considered and used in their plain and ordinary, as distinguished from their technical, meaning, where the language is plain and unambiguous. In such cases it is said that, where the intention of the Legislature is clear from the words used, there is no room for construction, and no

excuse for adding to or changing the meaning of the language employed.

The section of the act under construction was a part of the act passed by the last Legislature for the organization and administration of common public schools. The act contains 198 sections with an emergency declared, and there is nothing in any other section of the act which tends to show that the language used in § 59 was intended to be given any other than its ordinary and normal meaning. Under the express terms of the act, power is given to the school district to borrow money and issue negotiable coupon bonds for funding any indebtedness created for any purpose and outstanding at the time of the passage of the act, March 25, 1931. According to the allegations of the complaint, which are admitted by the demurrer, the outstanding indebtedness of the district at that date was $58,500. It is also alleged in the complaint that since that time the school district has paid the sum of $11,093.89 of this indebtedness by certain sums of money received from the tax collector and advanced by him to the district from the school taxes of said district, payable in 1931. Payment is a satisfaction of a debt and extinguishes the indebtedness. The section of the statute under consideration authorizes school districts to borrow money and issue bonds for funding any indebtedness outstanding at the time of the passage of the act, but does not contain any mandatory requirement for the issue of bonds for such purposes.

In the present case, the district might have issued bonds in the sum of $58,500, which represented the outstanding indebtedness of the district at the time of the passage of the act; but the district did not choose to do so. It paid the sum of $11,093.89, and this had the effect of extinguishing that much of the outstanding indebtedness. Consequently, the district would only have power and authority under the act to issue bonds for the remaining indebtedness, which was outstanding as of March 25, 1931. If it had paid all of the indebtedness of the district out of the tax moneys due the district from the collection of tax money due the school district, it would not

have had any authority to issue bonds at all. Having paid only a part of the outstanding indebtedness of the date of March 25, 1931, it has the power and authority to issue bonds in the principal sum of $58,500, lessened by the sum of $11,093.89, which has been paid since that date.

It is contended, however, that such construction of the statute is contrary to the holding and reasoning of the court in *Hagler* v. *Arkansas County*, 176 Ark. 115, 2 S. W. (2d) 5, but we do not think so. In that case, the court had under consideration an act of the Legislature of 1927, which was enacted to provide for the relief of all of the counties in the State which had issued and sold bonds under the provisions of amendment No. 10 to the Constitution, and which had originally paid some of the indebtedness for which said bonds were sold out of the revenues of said counties. This act authorized each county to make an order allowing amounts which had been originally paid out of the general revenue fund as a charge against the bond issue. This was held to be a relief against a mistake of fact which had occurred because it was first thought by the people of the State that amendment No. 8 became effective October 7, 1924, when, according to the holding of this court, it became effective on December 7, 1924. Amendment No. 10 gave the counties authority to issue bonds for funding their indebtedness which existed at the time of the adoption of the amendment. Consequently, the court said that a mistake of law and fact both had been made when the counties issued bonds to cover the outstanding indebtedness of October 7, 1924, instead of December 7th of that year. The Legislature of 1927 passed an act for the relief of these counties, and it was held that the indebtedness accruing between October 7th and December 7, 1924, might have also been included in the amount of the outstanding indebtedness at the time of the adoption of the amendment. Having been omitted from the bond issue by mistake, it was held that a supplementary bond issue might be made for the omitted part, or, in cases where

payment had been out of the general revenue, such payment would be considered made under a mistake of fact and treated accordingly.

No such issue is presented in the present case. As we have already seen, § 59 authorizes school districts to issue bonds for funding any indebtedness outstanding at the time of the passage of the act. No mistake has been made as to the time of the passage of the act, and bonds could be issued only for an indebtedness of the district at that time. If the whole or any part of the indebtedness has been paid, this would extinguish the debt in whole or as to the part paid, and no bonds could be issued to fund an indebtedness which had already been paid and thereby had become extinguished.

It follows that the decree will be reversed, and the cause will be remanded with directions to overrule the demurrer, and for further proceedings in accordance with the principles of equity and not inconsistent with this opinion.