EL DORADO BAKING COMPANY *v.* CITY OF HOPE.

4-4605

Opinion delivered April 12, 1937.

E. F. McFaddin, for appellant.

W. S. Atkins, for appellees.

BUTLER, J. The facts in this case are agreed. The appellant, El Dorado Baking Company, is a corporation having a fixed place of business in El Dorado, Arkansas, where it manufactures bread and other bakery products and where it pays an occupation tax of $50 per annum. Its products are manufactured under the laws of Arkansas and under rules and regulations promulgated by the State Board of Health and other inspection agencies of the state. It does not maintain a place of business in Hope, Arkansas, but sells and delivers through its agents at wholesale to retail merchants, hotels and cafes only. The deliveries of its products are made at stated intervals, being transported by trucks from El Dorado to Hope. No previous orders in writing or otherwise are given to the baking company, but it has regular customers on regular routes, and, by reason of making the territory at regular intervals, there is an implied understanding, based on past dealings that such customers will take such of the baking company's products as their respective trades may demand each time the company's agent shall call upon them. The city of Hope, Arkansas, is seeking to collect a tax of $50 per annum from the agents of the baking company who go from store to store, or hotel to hotel, in said city and sell and deliver the products of the baking company in the manner above, and is threatening to arrest and punish said agents for failure to pay said tax as imposed by the city ordinance.

This action was brought by the appellant (baking company) to restrain the Hope city officials from proceeding against appellant's agents which resulted in a decree denying the prayer and dismissing the complaint. A number of interesting questions are presented by counsel for the litigants in their very excellent briefs, which, however, will not be discussed by us for the reason that appellant's agents are not "peddlers" within the meaning of the statute or the city ordinance. The statute (§ 9793, Crawford & Moses' Digest) is but a restatement of the common-law definition of "peddler." The statutory definition is as follows: "Whoever shall engage in the business of selling goods, wares or merchandise of any description, other than articles grown, produced or manufactured by the seller himself, or by those in his employ, by going from house to house, or place to place, either by land or water, to sell, the same is declared to be a peddler or hawker." That part of the city ordinance is as follows: "Whoever shall engage in the business of selling goods, wares or merchandise of any description, other than goods, wares or merchandise produced or manufactured by the seller himself, by going from house to house, or place to place, and selling and/or offering to sell, such goods, wares or merchandise, either to consumers, or retail dealers, shall be, and is hereby declared to be a peddler or hawker." Certain differences between the statute and the ordinance are pointed out, but, under the facts of this case, they are unimportant, and we need not notice the contention of appellant that because of these differences the ordinance is void.

The general rule stated in 34 American Law Register, page 569, and cited by appellant, is supported by the great weight of authority. That rule is, that to constitute a peddler, at common law and under statutes similar to our own, four elements are required: (1) that he should have no fixed place of dealing, but should travel around from place to place; (2) that he should carry with him the wares he offers for sale, not merely samples thereof; (3) that he should sell them at the time he offers them, not merely enter into an executory contract for future sale; and (4) that he should deliver them then and there, not

merely contract to deliver them in the future. To these should be added a fifth, to the effect that the sales made by him should be to consumers, and not confined exclusively to dealers in the articles sold by him. It is generally held that if any one of these elements be absent from the regular dealings of a vendor, he is not a peddler, whatever else he may be.

The appellee contends that the above rule is modified by the case of *Rose* v. *City of Pine Bluff*, 186 Ark. 157, 52 S. W. (2d) 979, and that the doctrine of that case compels an affirmance of this. If we adhere to the doctrine of that case, we still think it not in point in the instant proceeding. From the statement of facts in that case it appears that Rose was selling cigars in the city of Pine Bluff for his firm, a wholesale house in Little Rock which had there paid its regular occupation tax. His usual method was to carry a supply of cigars in a conveyance from Little Rock to Pine Bluff where he would call on his regular customers, selling such merchandise as they needed, to be delivered upon the sending of orders back to Little Rock, except in cases where the merchant or dealer was out of some particular brand of cigars and requested that a box of that kind be left with him until the order could be shipped. In cases of sales to new customers, the salesman would solicit the business and, upon receiving an order, usually left a box of the particular brand of cigars sold until the order could be shipped and delivered. No money was paid him for the partial delivery, but the whole amount collected after delivery of the entire order in the regular course of business. In that state of case, this court held Rose to be a peddler within the meaning of the statute and cited as authority the case of *State* v. *O'Briant*, 188 N. C. 452, 124 S. E. 848. It is not our purpose at this time to reconsider the case of *Rose* v. *City of Pine Bluff*. That is unnecessary for the reason that in that case there was no contention that Rose's employer was the manufacturer of the cigars he sold, while in the case at bar it is admitted that the appellant baking company manufactured the products delivered by its agents at Hope. Both the statute and the ordinance expressly exempt: "articles grown, produced or manufactured by the

seller himself, or those in his employ." However, the appellee contends that the ordinance is not seeking to tax the sales of the appellant, but to tax the methods by which the sales are made, and, therefore, the agents may be peddlers while selling the goods of their principal even though they be compensated by a salary. To support this contention, we are cited to the text in 19 R. C. L., § 267, page 970, as follows: "The occupation of a peddler is practiced by the one who peddles and not by the owner of the peddled goods, and when an agent peddles goods for another, it is the duty of the agent and not of the principal to procure a license." We think the contention unsound as applied to the facts in the case at bar.

The language of the statute is sufficiently broad to include both natural persons and corporations, and that it so intended, we have no doubt. It is elementary that corporations can act only through their officers and agents and the acts of such, within the scope of their employment, will be deemed those of the corporation. The appellant baking company could not sell its products in El Dorado, Hope, or elsewhere, except through its agents, and the rule contended for by appellee would have the effect of placing a burden upon the appellant by indirection which could not directly be accomplished.

Moreover, when the purposes of the peddler statute are considered, one of which is to exempt the producer or manufacturer from its provisions, we are of the opinion that the words embraced therein set off by commas, "or by those in his employ," refer to the production, manufacture and sale. If it were otherwise a dairyman's employee, delivering milk from house to house for his employer's customers, could be taxed as a peddler; or, the hired hand of the farmer who brings his master's produce to town to sell from place to place. If this be true, the result is that either the dairyman, or the farmer must in person sell and deliver his products, which is a most illogical and unjust conclusion. Doubtless, the lawmakers had such cases in mind when it permitted the production and sale by the employee.

The result of our views renders unnecessary reference to the numerous authorities cited by the appellant and appellee to sustain their various contentions, and makes it necessary to reverse the decree of the trial court. This is accordingly done, and the cause is remanded with directions to grant the appellant the relief prayed.