McCARROLL, COMMISSIONER OF REVENUES, v. WILLIAMS.

4-5002

Opinion delivered February 28, 1938.

716

[REDACTED]

*J. Hugh Wharton,* for appellant.

*J. E. Ray,* for appellee.

DONHAM, J. This appeal is from a decree of the Pulaski chancery court enjoining the appellant, as Commissioner of Revenues, from collecting a tax of more than $5 per year on coin slot automatic musical instruments, regardless of the number of slots with which such instruments are equipped.

Appellee filed his complaint in said chancery court alleging that he is the owner and operator of several coin slot automatic musical machines and is ready, willing and offers to pay the sum of $5 per year privilege tax on each of said machines; that said machines are equipped with from two to three slots, one a five cent slot, one a ten cent slot, and one a twenty-five cent slot; that a five cent coin placed in the first slot will play one piece of music or record; that ten cents placed in the second slot will play two pieces of music or two records; and that twenty-five cents placed in the third slot will play five pieces of music or five records; or that two five cent pieces placed in the five cent slot will play the same music or records that the ten cents will play, and five five cent pieces placed in the five cent slot will play the same pieces of music or records as the twenty-five cent piece; that the ten and twenty-five cent slots are not necessary to operate said machines. It was further alleged that the second and third slots are put on said machines for convenience only; that all of said slots sell the same music or records, and that they do not sell anything else but music; that said machines hold a certain number of musical

records, and all can be played from the five cent slot, and all from the ten cent slot, and all from the twenty-five cent slot.

It was further alleged that the Commissioner of Revenues was endeavoring to collect a tax on said machines in an amount equal to $5 per slot; and that unless restrained the Commissioner would confiscate or destroy said machines unlawfully. It was alleged that the privilege tax on said machines is $5 per year, regardless of the number of slots; and that appellee has offered to pay this sum for each machine used.

To the complaint, the appellant here filed his demurrer alleging that the complaint did not state facts sufficient to constitute a cause of action.

At the trial of the case in the lower court the cause was submitted upon the complaint, demurrer and stipulation of facts. By said stipulation of facts it was agreed that appellee owns a number of coin slot automatic musical instruments and places in said machines from ten to twenty-four records; that each of the machines is equipped with from two to three slots in which a coin is placed that plays a record, and these records are played over and over until changed or reserviced; that in the machines that have two slots, one is a five cent slot, and by placing a five cent piece in the five cent slot the machine will play one piece of music, and by placing a ten cent piece in the ten cent slot the machine will play two pieces of music; that in the machines having three slots, one is a five cent slot, another a ten cent slot, and the third a twenty-five cent slot; that in these machines a twenty-five cent piece placed in the twenty-five cent slot will play five pieces of music, and that two five cent pieces placed in the five cent slot will play the same music or records as one ten cent piece placed in the ten cent slot, and five five cent pieces placed in the five cent slot will play the same music as the twenty-five cent piece will play when placed in the twenty-five cent slot; that all three slots are on the same machine and play from the same records and from the same record carrier; and that said machines are equipped with two and three slots at

the factory; that the Commissioner of Revenues has notified the appellee here that the tax on said machines will be $5 per machine, or $5 per slot where the machine has more than one slot; that there are slot or vending machines with more than one slot where each slot sells a different article, such as cigar and cigarette vending machines.

It was further stipulated that the appellee offered to pay $5 per year privilege tax on each machine, but refused to pay $5 for each additional slot on said machines having more than one slot.

Upon a hearing, the trial court entered a decree overruling the demurrer and restraining the Commissioner of Revenues, his agents and employees, from collecting a tax of more than $5 per year on coin slot automatic musical instruments, from which decree defendant, appellant here, prayed an appeal to this court which was granted.

There is but one question involved here; and that is whether the tax is $5 per annum for each "coin slot automatic musical instrument," or $5 per annum for each slot with which such machines are equipped. Act 137 of the Acts of 1933 was passed for the purpose of amending act 167 of the General Assembly of 1931. Under act 167 of the Acts of 1931 the tax on such machines was $10 per annum, regardless of the number of slots with which they were equipped. By act 137 of the Acts of 1933, the law was amended so that the tax was $5 per annum on each machine, each slot to be counted as a separate machine. Section 3 of said act 137 is as follows: "Each opening or slot, cup or other place for insertion of said coin, token, slug or otherwise, necessary to operate, shall constitute a separate and distinct machine, subject in each instance to tax as a separate machine."

It is argued by appellee that it was not the intention of the Legislature to tax "coin slot automatic musical instruments" more than $5 for each machine, regardless of the number of slots with which the machines might be equipped. It is further argued that since said machines can be operated by inserting a coin in any one of the

three slots with which the machines are equipped, that two of said slots are not necessary to the operation of the machine and, therefore, are not taxable under the express terms of the statute. It is also argued by appellee that to impose a tax of $5 for each slot would result in the collection of an amount on machines equipped with three slots that would be burdensome and excessive.

In ascertaining the intent of the Legislature, we must look primarily to the language used in the statute; and, if this language is found to be plain and unambiguous, there is no occasion for construction.

In the case of *Berry* v. *Cousart Bayou Drainage Dist.*, 181 Ark. 974, 28 S. W. 2d 1060, this court said: "The primary rule in the construction of statutes is to ascertain and give effect to the intention of the Legislature, which primarily must be determined from the language of the statute itself."

In the case of *Berry* v. *Sale*, 184 Ark. 655, 43 S. W. 2d 225, this court said: "This court has uniformly held that, in the construction and interpretation of statutes, the intention of the Legislature is to be ascertained and given effect from the language of the act if that can be done. . . . The reason is that statutes are written to be understood by the people to whom they apply, and their words and phrases are considered and used in their plain and ordinary, as distinguished from their technical, meaning, where the language is plain and unambiguous. In such cases it is said that, where the intention of the Legislature is clear from the words used, there is no room for construction, and no excuse for adding to or changing the meaning of the language employed."

Courts cannot add to, take from or change the language of the statute to give effect to any supposed intention of the Legislature, where the language is plain and unambiguous. By the express terms of act 137 of the Acts of 1933, "coin slot automatic musical instruments" are taxed; and by § 3 of said act said tax is to be computed on the number of openings, slots, cups or other places for insertion of coins, tokens or slugs necessary to the operation of the machine. This section pro-

vides that each slot, cup, or other place for insertion of a coin, token or slug "shall constitute a separate and distinct machine, subject in each instance to tax as a separate machine." We believe that the statute is plain and unambiguous and that there is no occasion for construction. The court cannot indulge in speculation as to what might have been in the mind of the Legislature; but the act must be given effect according to its plain and obvious meaning. To place any other construction on the statute, we believe, would place the court in the attitude of assuming legislative authority.

It is argued that since such machines can be operated by the use of one slot, that the other two slots with which the machine is equipped are not necessary to its operation. We do not agree with appellee in this view. Machines equipped with three slots have one slot for a five cent piece, one for a ten cent piece, and one for a twenty-five cent piece. If one desires to operate the machine by using a ten cent piece, he can do so only by placing the coin in the ten cent slot. If he wishes to operate the machine by using a twenty-five cent piece, he can do so only by placing the coin in the twenty-five cent slot. And, hence, we conclude that any one of the slots is as necessary to the operation of the machine as either of the other slots.

It is further argued that to permit the taxing of each slot at the rate of $5 per slot would result in excessive taxation. If the words of the statute are plain and unambiguous, and we believe they are, then the excessiveness of the tax, if such there be, is a matter that would address itself with force to the legislative department of our state; but it is not a matter that can be given consideration by the courts. The propriety, expediency, wisdom and necessity of a valid statute are matters that address themselves to the Legislature, and not to the courts.

The validity of the statute is not questioned. Placing upon the statute that construction which its plain and unambiguous terms require, we hold that act 137 of the Acts of 1933, being §§ 13420 to 13427, Pope's Dig., in-

clusive, requires payment of $5 per annum on each "coin slot automatic musical instrument" and each opening or slot for the insertion of a coin or coins, by which the machines are operated, must be construed to constitute a separate and distinct machine and subject in each instance to a tax as a separate machine.

The judgment is reversed, and the cause remanded with directions to sustain the demurrer of the appellant, and for other proceedings not inconsistent herewith.