GILL AND HAMRICK v. STATE.

Criminal 4081

Opinion delivered March 21, 1938.

*Norton & Butler,* for appellants.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

DONHAM, J. The appellants, A. E. Gill and Lee Hamrick, were arrested for hawking and peddling in St. Francis county without a license as required by Pope's Digest, § 13574. The appellant, A. E. Gill, owned two trucks which were operated by his employees over the state and county highways of St. Francis county, engaged in the selling of merchandise to customers who might come out on the highway and flag them to a stop.

These trucks were built like stores, containing shelving, sales windows and counters. These trucks were driven from place to place and from house to house along the highways. The driver of the truck made the sales without leaving the truck, to customers who wished to make purchases. The appellant, A. E. Gill, did not drive or operate either of the trucks personally, but same were operated by his duly authorized employees to whom he paid a fixed salary. The appellant, A. E. Gill, had a fixed place of business in Cross county, Arkansas, near the St. Francis county line and these trucks were loaded out of the fixed place of business each morning and reported back there every night. Some of the sales from the trucks were made for cash and others by exchange, approximately forty per cent. of the business being for cash and sixty per cent. by way of exchange for chickens, eggs, etc. The appellant, Lee Hamrick, was an employee of the appellant, Gill, and was engaged in operating one of the trucks, being paid a salary for his services. Appellant, Gill, was fined $50 for each of two trucks for operating without a county hawking and peddling license. The appellant, Lee Hamrick, was fined $50 for operating one truck without a county hawking and peddling license.

Appellants contend that the judgment of the lower court was contrary to the law and the evidence adduced in the trial of the cases against them, basing their arguments upon the following contentions, to-wit:

(1) The appellant A. E. Gill's method of doing business does not come within the statutory definition of a hawker and peddler, as set out in Pope's Digest, § 13359.

(2) Should appellant A. E. Gill's method of doing business be held to be within the statutory definition of a hawker and peddler, A. E. Gill personally cannot be held to be a hawker or peddler, as he personally did not operate his trucks going from place to place selling merchandise.

(3) The appellant, Lee Hamrick, being the agent of appellant, A. E. Gill, and being paid a fixed salary, his

acts were the acts of his principal, A. E. Gill; and he, Hamrick, therefore, could not be guilty as charged.

Pertinent sections of Pope's Digest are as follows:

"Section 13359. Whoever shall engage in the business of selling goods, wares or merchandise of any description, other than articles grown, produced or manufactured by the seller himself, or by those in his employ, by going from house to house, or place to place, either by land or water, to sell, the same is declared to be a peddler or hawker.

"Section 13574. There shall be collected as a county tax: "First. The sum of twenty-five dollars on each and every hawker or peddler by land or water for the privilege of hawking and peddling goods, wares and merchandise in any county in this state for the term of six months or less.

"Section 13487. Any person who shall engage in the business of hawking or peddling, or in pedddling clocks, or as agent for the sale of sewing machines, stove ranges or lightning rods, without having paid the tax as provided in this act for said privilege, shall be guilty of a misdemeanor, and upon conviction shall be fined in double the amount of license he would be by the provisions of this act chargeable with."

It is first contended that A. E. Gill's method of doing business does not come within the statutory definition of a hawker or peddler.

In the case of *Berry* v. *Cousart Bayou Drainage Dist.,* 181 Ark. 974, 28 S. W. 2d 1060, this court said: "The primary rule in the construction of statutes is to ascertain and give effect to the intention of the Legislature, which primarily must be determined from the language of the statute itself."

In the case of *Berry* v. *Sale,* 184 Ark. 655, 43 S. W. 2d 225, this court said: "This court has uniformly held that, in the construction and interpretation of statutes, the intention of the Legislature is to be ascertained and given effect from the language of the act if that can be done. . . . The reason is that statutes are written to be understood by the people to whom they apply, and

their words and phrases are considered and used in their plain and ordinary, as distinguished from their technical, meaning, where the language is plain and unambiguous. In such cases it is said that, where the intention of the Legislature is clear from the words used, there is no room for construction, and no excuse for adding to or changing the meaning of the language employed.''

In the recent case of *McCarroll, Commissioner of Revenues* v. *Williams, ante* p. 715, 114 S. W. 2d 18, this court approved the rule above stated and further said: ''Courts cannot add to, take from or change the language of the statute to give effect to any supposed intention of the Legislature, where the language is plain and unambiguous. . . . The court cannot indulge in speculation as to what might have been in the mind of the Legislature; but the act must be given effect according to its plain and obvious meaning.''

It is obvious that appellant, A. E. Gill, was engaged in the business of selling goods, wares and merchandise other than articles grown, produced or manufactured by him or those in his employ by going from house to house, or place to place, to sell same. There could, therefore, be no doubt that he came within the provision of the statute requiring him to pay a license tax of $25 as a hawker or peddler for the privilege of thus selling his goods, wares and merchandise.

In the case of *El Dorado Baking Co.* v. *City of Hope,* 193 Ark. 949, 103 S. W. 2d 933, this court sets forth the elements necessary to constitute a peddler as follows: ''(1) That he should have no fixed place of dealing, but should travel around from place to place; (2) that he should carry with him the wares he offers for sale, not merely samples thereof; (3) that he should sell them at the time he offers them, not merely enter into an executory contract for future sale; and (4) that he should deliver them then and there, not merely contract to deliver them in the future. To these should be added a fifth, to the effect that the sales made by him should be to consumers, and not confined exclusively to dealers in the articles sold by him. It is generally held that if any

one of these elements be absent from the regular dealings of a vendor, he is not a peddler, whatever else he may be.''

The business of appellant embodies all of the elements set forth in the above quotation. It is argued by appellant that since he has a fixed place of business from which he loaded the trucks in the mornings and to which they returned at nights, he could not be held to be engaged in the business of hawking or peddling. It is true that he had a fixed place of business from which the goods, wares and merchandise were obtained and to which his trucks returned at night; but he had no fixed place of business in the actual sale of such goods, wares, and merchandise as his trucks went to, and fro upon the highways. He was engaged as a retailer of goods, wares and merchandise to all who wished to purchase. All that was necessary was that the customer appear on the highway and flag the truck to a stop. When this was done, the customer made such purchases as he desired, either by paying cash or by exchange of chickens, eggs, or other farm produce.

It is argued by appellant that the business of appellant, A. E. Gill, could not be considered that of hawking or peddling, because the statutory definition requires a house to house visit; and that this element is absent from the facts shown by the record. It will be noted that the statute uses the expression, ''by going from house to house, or place to place.'' It will, therefore, be seen that it is not necessary for one to go from house to house and place to place in the sale of his goods; but it is sufficient if he goes from house to house, or place to place. We believe the record, however, is sufficient to show that appellant's business was conducted by going from house to house and place to place. There certainly could be no reason for one selling goods upon the highways in the manner in which appellant was engaged to pass up the residences along the route; and we think it may be assumed that this was not done. However, since the statute uses the disjunctive ''or'' and not the conjunctive ''and,'' appellant could have passed up all of the

residences and yet his business be such as to be taxable under the law.

It is next contended that granting A. E. Gill's method of doing business should be held to be within the statutory definition of hawking and peddling, yet Gill personally cannot be held to be liable for the license tax, because he did not personally operate his trucks as they were driven from place to place in the sale of merchandise. If such were the law, then corporations could not be taxed at all, for a corporation can do business only by and through its agents. It must be remembered that it is engaging in the business without a license that is prohibited by the statute. When the appellant, Gill, sent his trucks upon the highways to sell goods, wares and merchandise, employing agents and servants for that purpose, he was engaging in the business of hawking and peddling, the same as if he had been driving the trucks personally. He, therefore, was required to pay the license tax. As stated, it must be remembered that the statute defines a peddler as one who engages in the business, etc. Appellant, Gill, did not have to operate his trucks personally, in order to come within this statutory definition. The business of selling goods by this method was his business; and he was engaging in it, and, therefore, was required to pay the license tax.

It is next contended that if Gill was required under the law to pay the license tax, he should be required to pay for only one license, even though he operated several trucks. We cannot agree with this view. It is our holding that he was required to pay the license tax for each truck operated and used directly in the business of hawking and peddling.

It is next contended that the appellant, Lee Hamrick, being the servant, agent and employee of appellant, A. E. Gill, could not be guilty as charged since he was paid a fixed salary by Gill and since his acts were committed in a representative capacity, his acts being those of his principal. With this view we fully agree.

In the case of *El Dorado Baking Co.* v. *City of Hope, supra*, it was sought to require the agent and servant of

the baking company to procure a hawker's or peddler's license personally before being permitted to sell and deliver the company's bread in the city of Hope. This court held that it was not necessary that the agent procure a license. In said case, it was contended that the agents of the baking company should be regarded as peddlers while selling the goods of their principal, even though they had no interest in the business of their principal other than as employees compensated by a salary. To support this contention, 19 R. C. L., § 267, p. 970, was cited as follows: "The occupation of a peddler is practiced by one who peddles and not by the owner of the peddled goods, and when an agent peddles goods for another, it is the duty of the agent and not of the principal to procure a license."

Passing upon this contention, this court said: "We think the contention unsound as applied to the facts in the case at bar."

If the contention made was unsound in said case, the similar contention of appellee in the instant case is likewise unsound. Furthermore, by reference to the statute, Pope's Digest, § 13487, it will be seen that the Legislature contemplated that only principals who engaged in the business of hawking or peddling and such of their agents as engaged in the sale of sewing machines, stove ranges, or lightning rods, should be held to be guilty of a misdemeanor for not first procuring a license as required by the statute. We, therefore, hold that appellant, Lee Hamrick, was not guilty of the charge of engaging in the business of hawking and peddling without a license.

It follows from what we have said that the judgment as to appellant, A. E. Gill, must be affirmed; and that the judgment as to Lee Hamrick must be reversed, and the cause as to him dismissed. It is so ordered.

SMITH, J., dissents as to dismissal of cause as to Lee Hamrick.