The Honorable Susan Schulte State Representative 18 Sunbeam Circle Cabot, AR 72023
Dear Representative Schulte:
I am writing in response to your request for an opinion on the following matter:
Arkansas Code 26-76-101 states:
 Whoever shall engage in the business of selling goods, wares, or merchandise of any description other than articles grown, prod[u]ced, or manufactured by the seller himself or by those in his employ, and sold by going from house to house or place to place, either by land or water, to sell them is declared to be a "peddler" or "hawker."
 Under this code is it lawful to require a peddler's license from a farmer to sell his produce in any city, town or county in the state of Arkansas?
RESPONSE
In my opinion, the answer to your question is "no," it would not be lawful to require a "peddler's license" for a farmer who was selling produce grown by the farmer himself under the circumstances you have described for the reasons discussed below.
You ask whether it is lawful to require a peddler's license from a farmer to sell his produce in "any city, town or county. . . ." You do not specify the authority being asserted to impose this "peddler's license," nor whether it is a city, county or the State of Arkansas that seeks to impose the requirement. The statute you reference (A.C.A. § 26-76-101), merely defines the terms "hawker" and "peddler." It does not purport to govern the authority of governmental entities to regulate, license or tax the activities of such persons. I must therefore analyze the grant of power to impose such licenses found in A.C.A. §§ 14-54-103(10) (Repl. 1998) (investing cities and towns with the authority to license, regulate, tax or suppress, among other things, hawkers and peddlers); 14-54-1407
(Repl. 1998) (authorizing municipalities to define, license, regulate or tax transient and itinerant vendors); 17-49-106 (Repl. 2001) (the "Transient Merchant Licensing Act of 1983, which requires a license in each county in which the merchant desires to transact business); and17-49-201 (Repl. 2001) (which give the Department of Finance and Administration authority to license certain itinerant merchants utilizing motor vehicles). Each of these statutes provides some authority for the licensure of "hawkers" and "peddlers," or transient or itinerant merchants or vendors. An initial question arises as to whether the definition supplied by A.C.A. § 26-76-101, which would clearly exclude a farmer selling produce he grew himself, applies to the several regulatory provisions I have just detailed. In my opinion, a farmer, as you have described in your request for an opinion, would not be deemed a "hawker" or "peddler" according to A.C.A. § 26-76-101. In this situation, the farmer has grown the produce he or she is selling. The farmer is, therefore, not a "peddler" under A.C.A. § 26-76-101 because he or she is within the explicit statutory exemption noted above.
The Arkansas Supreme Court has applied the definition found at A.C.A. §26-76-101 (Repl. 1997), to license taxes levied by both the state and the counties under previous statutory provisions. See former Crawford 
Moses Digest of 1921, §§ 9833 and 9794 and Garner v. State, 156 Ark. 24,24, 245 S.W. 184 (1922). In addition, the court has applied the §26-76-101 definition to a fifty dollar per annum occupation tax levied by a city. El Dorado Baking Co. v. City of Hope, 193 Ark. 949,103 S.W.2d 933 (1937). The court noted that both the city ordinance at issue in that case and A.C.A. § 26-76-101
exempted "articles grown, produced or manufactured by the seller himself, or those in his employ," and thus the tax did not apply to a baking company that manufactured the products it delivered in the city. Id.
at 952-953.
A review of the applicable statutes authorizing the licensure of hawkers or peddlers or the like, reveals that each statutory scheme excepts farmers selling produce they have grown themselves. In my opinion, the definition of hawker and peddler found at A.C.A. § 26-76-101 applies to the authority granted cities in A.C.A. § 14-54-103(10). This statute authorizes, among other things, cities and towns to license, regulate and tax "hawkers" and "peddlers." Therefore, because, as I set forth above, it is my opinion that the farmer you describe is not a peddler under A.C.A. § 26-76-101, and because the Arkansas Supreme Court has previously applied this definition in the context of a city tax on such activity, the municipal tax authorized by A.C.A. § 14-54-103(10) on peddlers and hawkers would not apply.
A separate statute authorizing municipal regulation in this area must also be analyzed. All municipalities also have the authority to tax "transient and itinerant vendors" under A.C.A. § 14-54-1407. Neither "transient merchant" nor "itinerant merchant" is defined in the local government section of the Arkansas Code. Rather, we must look to the Transient Merchant Licensing Act, A.C.A. §§ 17-49-101 through -304 (Repl. 2001), for definitions of these terms.
The Transient Merchant Licensing Act ("TMLA") authorizes counties to levy a tax on "transient merchants" under A.C.A. § 17-49-106. The TMLA offers the following definition:
 (3) "Transient merchant" means any person, firm, corporation, partnership, or other entity which engages in, does, or transacts any temporary or transient business in the state, either in one (1) locality or in traveling from place to place in the state, offering for sale or selling goods, wares, merchandise, or services, and includes those merchants who hire, lease, use, or occupy any building, structure, motor vehicle, railroad car, or real estate for the purpose of carrying on such a business.
A.C.A. § 17-49-103(3). I note that the TMLA was found to be unconstitutional as a violation of the Commerce Clause of the United States Constitution by the Federal District Court for the Eastern District of Arkansas. Homier Distributing Co. v. Staley, Memorandum Order and Opinion, Case No. 4:02-CV-464 GTE (September 3, 2003). Regardless of whether the district court's analysis would be upheld by an appellate court, the TMLA specifically exempts agricultural products from the county tax authorized by subchapter 1 stating:
(a) The provisions of this subchapter shall not apply to:
* * *
 (8) Sales of agricultural products, except nursery products and foliage plants[.]
A.C.A. § 17-49-104(a)(8). Because A.C.A. § 14-54-1407 lacks a definition of "transient merchant," the definition provided in the TMLA is likely to be applied by a court when interpreting A.C.A. § 14-54-1407. The farmer you have described in your request for an opinion is selling agricultural products. Therefore, the farmer described would not be subject to a tax under the TMLA or, by extension, A.C.A. § 14-54-1407.
Sections 17-42-201 to -214 address "itinerant merchants" and authorize the state to license such merchants. Section 17-49-202 defines an "itinerant merchant":
 (5)(A) "Itinerant merchant" means, except as otherwise provided in subdivision (5)(B) of this section, any person who sells or offers to sell in this state, at wholesale or retail, any personal property and transports it on any highway in this state by use of a motor vehicle.
(B) "Itinerant merchant" shall not mean or include the following:
* * *
 (ii) A person using a motor vehicle owned by him or her, whether operated by him or her or his or her agent, for the transportation of milk, dairy products, grains, fruits, vegetables, livestock, poultry, or other agricultural products, produced or fed by him or her on a farm operated by him or her either within or without this state[.]
A.C.A. § 17-49-202(5). The definition of an "itinerant merchant" specifically exempts a farmer who is selling agricultural products produced by him on a farm operated by him. The farmer described in your request for an opinion would not, in my opinion, be subject to a tax as an "itinerant merchant" under A.C.A. §§ 17-49-201 to -214, because the farmer, as you described him or her, is not an "itinerant merchant" by the definition provided for the term in the Arkansas Code.
In my opinion, therefore, each of the potentially applicable regulatory schemes exempts a farmer selling his own produce. The answer to your question therefore is "no" in my opinion.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: JMD/cyh